## JOHNSTONE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924.)

### No. 4211.

**1. Criminal law ⬅249—Intoxicating liquors ⬅249—Warrant unnecessary for seizure of instruments of crime at time of its commission, and evidence thereof not suppressed.**

For an officer, when sale was made to him in violation of Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to seize the liquor and glasses with which the crime was committed, required no search warrant or other process, and motion to suppress evidence thereof was properly denied.

**2. Criminal law ⬅517(3)—Voluntary character of statements of accused in custody to officers may be shown after offer.**

Statements of accused to officers while she was under arrest and in custody became competent on showing, after they were offered, that they were freely and voluntarily made.

**3. Criminal law ⟨⟩⟩569—No basis in evidence for motion to direct verdict on ground of entrapment by officers.**

There was no evidence of entrapment of defendant by officers, on which to base motion for a directed verdict; government's testimony simply showing three sales to a prohibition agent, and the defense controverting this.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Netterer, Judge.

Rae Johnstone was convicted under the National Prohibition Act, and brings error. Affirmed.

Edward H. Chavelle, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The court below denied a motion to suppress certain testimony, admitted testimony over objection, and refused a request for a directed verdict of not guilty. Upon these several rulings, error is assigned.

[1] The testimony on the part of the government tended to show that a sale of intoxicating liquor was made to a federal prohibition agent in room 3 of the Ottawa Hotel, in the city of Seattle, at about 3:30 in the afternoon of December 30, 1922, and that payment for the liquor was made to the plaintiff in error; that a second sale was made to the same agent by the plaintiff in error, in person, about 6 o'clock of the same day, in the same room; and a third sale about half an hour later. At the time of the last sale the officer placed the plaintiff in error under arrest and seized the bottle of liquor and the glasses in which the liquor was served. The motion to suppress described the property as certain intoxicating liquors, certain serving glasses, and certain books of account. The only liquors or glasses received in evidence were the liquor and glasses seized at the time of the arrest, and so far as the record discloses no books of account were offered or received. It is manifest from this that there was no error in denying the motion to suppress. The officer simply seized the instruments with which the crime was committed at the time

of its commission, and for this no search warrant or other process was necessary.

[2] The testimony objected to consisted of certain statements made to the officers by the plaintiff in error after her arrest. Inasmuch as these statements were made to public officers while the plaintiff in error was under arrest and in custody, it was incumbent on the government to prove that the statements were freely and voluntarily made. Ordinarily this showing should precede the offer of proof, but inasmuch as the showing was made later the testimony became competent.

[3] The motion for a directed verdict was based in part upon the refusal to suppress testimony, and in part upon the claim that the plaintiff in error was entrapped by officers of the government. We have already considered the first question, and the second is wholly without merit. The testimony on the part of the government simply tended to show three sales of intoxicating liquor, and this testimony was controverted by the defense. Certainly there was no evidence of entrapment in this.

The judgment is affirmed.