## CLINE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925.)

No. 4657.

1. **Arrest** ⊂⇒71—**Officer entitled to make search only when arrest is legal.**

Officers making arrest are entitled to search person arrested, but only when arrest is legal.

2. **Arrest** ⊂⇒63(4)—**Criminal law** ⊂⇒395—**Arrest of dope peddler without warrant and search of person held legal.**

Where accused was arrested for violation of Comp. St. § 10509, and Comp. St. Ann. Supp. 1923, § 8801, a felony, just as he completed a sale of morphine, at which time the officer was advised of two previous sales, *held*, in view of Pen. Code Ariz. 1913, § 854, authorizing arrest for felony without warrant, the arrest was lawful, and morphine and money procured by search of defendant's person was admissible in evidence.

3. **Arrest** ⊂⇒68—**State procedure applicable to arrests for violation of federal law.**

The procedure for making arrests which obtains under the state practice is applicable to arrests made for crimes against the United States.

4. **Criminal law** ⊂⇒37—**Purchase of narcotics by officers held not entrapment.**

Offer by officers to buy narcotics which defendant had for sale, without doing anything to induce defendant to acquire contraband, *held* not entrapment.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Jess Cline was convicted on three counts charging a violation of the Narcotic Act, and he brings error. Affirmed.

Herman Lewkowitz and Harold J. Janson, both of Phœnix, Ariz., for plaintiff in error.

Geo. T. Wilson and George R. Hill, Asst. U. S. Attys., both of Phœnix, Ariz.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. When the defendant was arrested, he was searched and the officers removed from his person a phial of morphine and some money, which he had just received from a woman to whom he had sold morphine. An objection and exception were reserved to the reception of the morphine and money in evidence, on the ground that the search was illegal.

[1] It is familiar law that officers making an arrest are entitled to search the party arrested, but this principle is applicable only to a legal arrest. Defendant contends that he was arrested without a warrant and that the arrest was for that reason unlawful.

[2, 3] The offense with which defendant is charged is a felony. Barnes' Code, § 10038, 35 Stat. 1152 (Comp. St. § 10509) ; Barnes' 1924 Supp. § 8375, 42 Stat. 596 (Comp. St. Ann. Supp. 1923, § 8801). Under section 854 of the Penal Code of Arizona an officer is entitled to arrest without warrant a person who has committed a felony, though not in the officer's presence. At the time when defendant was arrested, he had just completed the sale of morphine charged in the sixth count of the indictment. The officer making the arrest was also advised of the two previous sales made by the defendant and charged in the fourth and fifth counts. The procedure for making arrests which obtains under the state practice is applicable to arrests made for crimes against the United States. 1 Ops. Attys. Gen. 85, 86; U. S. v. Rundlett, 2 Curt. 41, Fed. Cas. No. 16,208; U. S. v. Horton, 2 Dill. 94, Fed. Cas. No. 15,393; In re Acker (C. C.) 66 F. 290. Moreover, the Arizona practice, above referred to, conforms to the common law and to the practice followed in the states generally. 2 R. C. L. 447; Rohan v. Sawin, 5 Cush. (Mass.) 281, 284, 285; Doering v. State, 49 Ind. 56, 58, 59, 19 Am. Rep. 669; Eanes v. State, 6 Humph. (Tenn.) 53, 44 Am. Dec. 289.

The defendant cites Peru v. U. S. (C. C. A.) 4 F.(2d) 881, 884. The charge preferred in that case was a misdemeanor. A party charged with a misdemeanor is not subject to arrest without warrant, unless the misdemeanor is committed in the presence of the officers. The arrest of defendant was lawful, and the morphine and money seized were admissible in evidence.

[4] Defendant moved for a verdict of acquittal on the ground that the evidence showed that he had been entrapped into the commission of the offense. The sale charged in the sixth count was made to a woman who had no association with the government service. The other two sales were made to a government informant, but the evidence is not to be distinguished from that before the court in Fiunkin v. U. S. (C. C. A.) 265 F. 1, and Johnstone v. U. S. (C. C. A.) 1 F.(2d) 928 In those cases the court held that there was no entrapment. In those cases, as in this, the officers did nothing to induce the defendant to acquire the contraband. They merely offered to buy that which they were advised the defendant was ready to sell. This does not constitute entrapment under the decisions of this court, or under the decisions in the

Sixth and Eight Circuits. Ramsey v. U. S. (C. C. A.) 268 F. 825; Butts v. U. S. (C. C. A.) 273 F. 35, 37, 18 A. L. R. 143.

Defendant cites U. S. v. Pappagoda (D. C.) 288 F. 214, 216. This decision is not in conflict with the cases from this circuit, supra, nor does the evidence bring defendant within the protection of the rule announced in U. S. v. Pappagoda.

There are no other exceptions reserved or urged.

The judgment is affirmed.