[Criminal No. 781.   Filed October 18, 1932.]

[15 Pac. (2d) 246.]

WILLIE POST, Appellant, v. STATE, Respondent.

24

Mr. William H. Westover, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Glenn Copple, County Attorney, for the State.

ROSS, J.—The defendant Willie Post was convicted of statutory rape upon one Angelita de Lintt. He has appealed from the order overruling his motion for new trial and also from the judgment of conviction.

Ample evidence of the carnal act, at the time and place alleged, to wit, May ——, 1931, in Yuma county, was introduced by the state, and its sufficiency to

support those ingredients of the offense is not questioned. While defendant's plea of not guilty put in issue all of the material allegations of the information, his evidence was largely, if not entirely, limited to an effort to show that the prosecutrix was eighteen years of age or over at the time of the alleged act. The prosecutrix, her mother and her stepfather testified that the former was but sixteen years of age in May, 1931. The records of the public schools of Yuma county were introduced in evidence by the defense and showed that the prosecutrix attended such schools in 1918, and the superintendent of the schools testified that at that time no pupils were admitted under five or five and one-half years of age. The records of the schools also showed that the prosecutrix was registered as a pupil in 1928, 1929, and 1930, and, according to such registrations, she was under eighteen years of age in May, 1931.

The prosecution, as a part of its case on that issue, offered Eugene F. Sanguinetti as a witness. This witness testified that he had known the prosecutrix from 1918, when her mother commenced to work for him as an employee at his home; that she was often around his home and that he saw her a number of times and "had an opportunity to observe her age and appearance." He was then asked by the county attorney: "How old would you say she was at the time you first saw her?" to which question defendant objected on the ground that "no sufficient foundation has been laid." The objection was overruled and the witness answered: "When I first saw the girl she seemed to me about three and a half or four years old. She was very diminutive—She might have been more than that, but she was a very diminutive girl." On his cross-examination he said: "I didn't scrutinize her for age." The admission of this testimony is assigned as error. It is not questioned that a witness who has had adequate opportunity for

observation and who describes the appearance of another person may be permitted to give his opinion as to such person's age. But it is contended that it was not shown that Sanguinetti had seen and observed the prosecutrix sufficiently in 1918 to express an intelligent opinion as to her age at that time, and that his description of her appearance as of that period afforded no basis for the jury to determine whether his opinion as to her age was justified. The rule, as stated in the cases, requires that the witness first describe the appearance of the person whose age is in question and then state his opinion of age based on the appearance of that person as he has described it. The description is necessary to enable the jury to determine whether the opinion of the witness has any reasonable foundation or basis. *People* v. *Davidson,* 240 Ill. 191, 88 N. E. 565; *Tuite* v. *Supreme Forest Woodmen Circle,* 193 Mo. App. 619, 187 S. W. 137; *State* v. *Grubb,* 55 Kan. 678, 41 Pac. 951; *People* v. *Limeberry,* 298 Ill. 355, 131 N. E. 691; 16 C. J. 749, § 1533; 52 C. J. 1073, § 99.

It seems to us the witness stated facts showing his opportunity to observe the prosecutrix sufficient upon which to base an opinion of her age. He says she was often around his home and that he saw her a number of times in 1918; that she was a very diminutive girl. His description of her was very meager. It was confined to her size. It is no doubt a biological fact that the size of a child, while not a true or certain criterion of age, is, nevertheless, a criterion, especially when the child is very small. While the description of the child upon which he based his opinion was not as full and complete as it might have been, it did not go to the competency of his opinion, but rather to its weight.

The Yuma schools records of 1918 contained the names Angelita de Lintt and Angelita Delin. On the theory that Angelita de Lintt and Angelita Delin was

the same person, defendant asked the superintendent of the Yuma schools the question: "What is the age given there of Angelita Delin?" Upon objection that it was incompetent the witness was not permitted to answer. This ruling is assigned as error. It is stated by counsel for defendant that the name "de Lintt" is French and that in such language the t's are silent, and he argues from that that the teacher who registered the pupil did so on sound and wrote it "D-e-l-i-n." He invokes the rule of *idem sonans*. Granting that he is correct, we cannot see where defendant was hurt by the ruling. The superintendent of the schools had already testified that no pupils were accepted under five or five and one-half years of age. Therefore, if the child was registered under either or both names, she must have, according to this testimony, given her age as at least five or five and one-half years.

Defendant next complains that the assistant county attorney and the county attorney in their arguments to the jury commented on his failure to be a witness in his own behalf. Section 5179, Revised Code of Arizona 1928, enables a defendant in a criminal action to be a witness in his own behalf but states that "his neglect or refusal to be a witness . . . cannot in any manner prejudice him, nor be used against him on the trial or proceedings." It is claimed that the county attorney and the assistant county attorney violated this section of the statute by commenting upon the fact that defendant did not testify. No objection was made to the remarks of the assistant county attorney, and therefore no question in regard to them is reserved for review in this court. *Strickland* v. *State,* 37 Ariz. 368, 294 Pac. 617; *Britt* v. *State,* 25 Ariz. 419, 218 Pac. 981. The language of the county attorney, the objection to it, and the court's ruling are as follows:

"Now, gentlemen of the jury, Mr. Westover says: Why didn't (I) bring Mr. Farrer in here? Why

didn't I? I will answer that question. . . . In the first place, Mr. Farrar or whoever sold that stuff violated the law. . . . That is the reason in the first place, and in the next reason, gentlemen of the jury, that I could not put that druggist on there is because Mr. Westover by his own acts and his conduct didn't give me a chance to put on any rebuttal. That is why.

"Mr. Westover: I charge that as misconduct, if your Honor please.

"Mr. Copple: I can make it stronger and still be within my rights.

"Mr. Westover: Will the record show I object to that at this time, and ask your Honor to instruct the jury to disregard the remarks of counsel.

"Mr. Copple: He asked why I didn't bring him in here and I have a right to explain to these gentlemen why I didn't bring him in here. He brought it out himself.

"The Court: You have made the record. I think, however, gentlemen, it is proper at this time to instruct that, to receive statements of what the law is from the Court and not from the attorneys."

It is apparent the county attorney was replying to the argument of defendant's counsel. The argument of defendant's counsel was not reported and is not in the record. If it were, we might be advised as to the propriety of the reply. The objection is a general one. It did not suggest that the reason for it was that it was a comment on the defendant's failure to be a witness in his own behalf, nor can we infer from the language used that it was in fact such a comment.

There is other language used by the county attorney in his argument of which complaint is made, but no objection to it was preserved in the record, and for that reason it is not properly before us.

In the same situation are defendant's assignments that the county attorney and his assistant in their arguments appealed to the passion and prejudice of the jury.

The sixth assignment is directed at remarks of the county attorney made in reply to the arguments of defendant's attorney, but inasmuch as we have not before us what was said by the defendant's attorney that caused the county attorney to reply as he did it is not possible to condemn as error the language assigned. It may have been provoked. Its very context shows that it was. Improper remarks of the county attorney when provoked by defendant's arguments are not, generally speaking, grounds for reversal. 16 C. J. 911, § 2261.

Finally, the court's refusal to grant defendant a new trial, on the grounds of surprise and newly discovered evidence, is assigned as error. On the contested question of the age of the prosecutrix there was no surprise. At the preliminary, nearly two months before the trial, she had testified that she was 16 years old. Thus defendant was fully advised in advance, and, if he believed her to be 18 years of age or over, he should have sought evidence in support of his belief. At the trial he did introduce the school records of Yuma for the year 1918 and also the opinion evidence of Mary Ingram to sustain his contention that she was eighteen or over. In his motion for new trial, in corroboration of the school record, he offered numerous affidavits of schoolmates of prosecutrix to the effect that she attended such schools in that year. This evidence, besides being corroborative only, was easily discoverable and available at the trial, just as much so as the records of the school. Attached to the motion for a new trial is an application by the mother of the prosecutrix, dated April 25, 1921, to the Woodmen of the World, for insurance for and in behalf of Angelita, in which the latter's birthday is given as January 11, 1913, which, if true, would make the prosecutrix over eighteen years of age in May, 1931. This evidence was not discovered until after the trial.

This item of evidence is not conclusive. It, like the school records, would have its probative value. It is cumulative in character.

The controlling rule in such circumstances is stated in *Grijalva* v. *State,* 32 Ariz. 470, 260 Pac. 188:

"It is the rule generally followed that it is largely within the discretion of the trial court whether a new trial upon the ground of newly discovered evidence shall be granted, and its action in overruling such a motion will not be reversed unless an abuse of discretion manifestly appears. *Talley* v. *State,* 18 Ariz. 309, 159 Pac. 59. It is also generally held that a new trial is properly refused when sought upon the ground of newly discovered evidence that is merely cumulative and impeaching. *Young Chung* v. *State,* 15 Ariz. 79, 136 Pac. 631. We are unable to say that the trial court abused its discretion in denying the motion for a new trial upon this ground."

See, also, *Flowers* v. *State,* 27 Ariz. 70, 229 Pac. 1028.

It was stated upon the argument by defendant's counsel that since the order overruling motion for a new trial he had been able to obtain from Mexico, where the evidence shows the prosecutrix was born, her birth certificate showing that she was eighteen or more years old in May, 1931, the time of the alleged act. The court is not able to take notice of such evidence. However, if it be true that evidence has since become available which conclusively shows that the prosecutrix was over eighteen years of age, we have no doubt the board of pardons and paroles, if the matter is presented to it, will recommend the mercy that it only can exercise.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.