[redacted]

405 P.2d 901

**STATE of Arizona, Appellee,**
**v.**
**Frank FLORES, Appellant.***
**No. 1 CA-CR 32.**

Court of Appeals of Arizona.
Sept. 29, 1965.
Rehearing Denied Nov. 8, 1965.

[redacted]

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1503. The matter was referred to this Court pursuant to Section 12-120.23 A.R.S.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Geo. F. Macdonald, Gibson & Gibson, by J. Frank Gibson, Phoenix, for appellant.

STEVENS, Chief Judge.

The defendant was charged with the illegal possession of marijuana, a felony. He was tried with a jury and found to be guilty. After the formal judgment of guilt and the sentence, he appealed.

He alleges as one basis for the appeal that there was not sufficient evidence to sustain a conviction. This claimed error is urged in different ways. We have read the Reporter's Transcript of the evidence. There is a conflict in the testimony, not only a conflict between the State's chief witness and the defendant but also some minor conflicts within the testimony of the defendant's witness. The jury resolved the conflict.

It is urged that during the closing argument, the Deputy County Attorney referred to the defendant in the following language: "That punk over there with tattoos on his arm" and that such reference was so prejudicial that it was reversible error to deny the motion for mistrial and to deny the motion for new trial. The arguments to the jury were not taken down by a court reporter. Immediately upon the conclusion of the arguments and before the instructions, the following record was made:

"IN CHAMBERS:

"THE COURT: Show on the record that during the course of the county attorney's closing remarks, and the absence of a court reporter, the prosecutor made a statement in his argument which the Court tried to write down immediately, which I feel was to this effect:

'We are not trying me. We are not trying Mr. Macdonald. We are trying that.'

"And upon saying the word 'that,' he pointed at the defendant. He then stated quote that punk over there with the tattoos on his arm, end of quote.

"I presume Mr. Macdonald wishes to make a motion.

"MR. MACDONALD: That is highly prejudicial before this jury, and I think that was ungentlemanly.

"If that man has a tattoo on his arm, that is his business, and to call him, in open court, that, I think the Court should call it a mistrial.

"I think that's uncalled for.

"THE COURT: Is that your motion?

"MR. MACDONALD: Yes. I move the Court grant a mistrial on that ground."

"THE COURT: No, the motion is denied. I don't think it's necessary.

"MR. BUTTERFLY: May I make a record?

"I feel, under the circumstances, counsel, by his conduct in the personal pronoun, 'I,' in constantly referring to the fact that he believed in his own client's case; in referring to the fact that he probated his father's estate; in referring to the fact that he believed in the innocence of the defendant; that he has known him since he was a baby—I feel that it was a fair comment and retaliatory to those remarks which counsel made in his own argument.

"I think the Court will agree with me that those remarks were made, and that the personal pronoun throughout the course of the defendant's closing argument was rampant. I believe it was misconduct.

"I had a right to retort and retaliate in my own argument.

"MR. MCDONALD: But not to resort to call a man right in court words like that.

"THE COURT: Have you both got all you want on the record?

"MR. BUTTERFLY: Yes.

"THE COURT: I will deny the motion.

In the recent case of State v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1965), the

Arizona Supreme Court, at page 998 of the Pacific Reporter, quoted an earlier Arizona case as follows:

"Improper remarks of the county attorney when provoked by defendant's arguments are not generally speaking, grounds for reversal."

This statement is applicable to the case now under consideration.

 From a complete examination of the record we find no prejudicial error. The judgment of guilt and sentence are affirmed.

CAMERON and DONOFRIO, JJ., concur.