451 P.2d 607

**STATE of Arizona, Appellee,**

**v.**

**Henry SHEFFIELD, Appellant.**

**No. 1801.**

Supreme Court of Arizona.

In Banc.

March 12, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., T. M. Pierce, Asst. Atty. Gen., for appellee.

Healy, Laubscher & Walker, by George T. Walker, Tucson, for appellant.

McFARLAND, Justice.

Henry Sheffield, hereinafter referred to as the defendant, was tried and convicted of the crime of robbery and sentenced to serve a term in the Arizona State Prison of not less than fifteen nor more than

twenty years. From this judgment and sentence he appeals.

George P. Walker, appointed by the court as attorney for the defendant, filed a statement with this Court in which he stated that he had examined the record and could find no reversible or prejudicial error in the case. But in compliance with Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, he filed a memorandum regarding "the record that might arguably support the appeal," presenting a question of whether the identification of the defendant in the lineup was a violation of his constitutional rights.

In compliance with Anders v. State of California, supra, defendant was notified of his counsel's position and a copy of his statement and brief was furnished the defendant, who thereafter requested permission of this Court to file a brief *in persona* which request was granted; and the defendant thereafter filed a brief.

On November 4, 1966, the defendant entered a Circle K Market located in Pima County and, holding a knife in his hand, he shouted to Robert Sillik, an employee of the Market, "Give me all your money or I am going to kill you." Sillik honored his demand and the defendant fled. About an hour later and after Sillik had reported the incident, the police returned to the Market with the defendant for the purpose of identification. Sillik at that time identified the defendant as the same man who had demanded the money an hour earlier.

Defendant was informed against on December 12, 1966, for the crime of robbery, in violation of A.R.S. §§ 13–641 and 13–643. It appears from the record that a preliminary hearing was held, and that defense counsel was appointed by the court at the arraignment.

■ We shall first consider the point raised by defendant's counsel in his memorandum. Counsel cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, which was decided on June 12, 1967, holding that defendant was entitled

to an attorney at the time of identification in a lineup. The United States Supreme Court, in the case of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, a companion case decided the same day, held that United States v. Wade, supra, only affects confrontations conducted after June 12, 1967. United States v. Wade, not being retroactive, is not applicable to the instant case. The identification was, therefore, sufficient under the laws that existed at that time. State v. Villegas, 101 Ariz. 465, 420 P.2d 940.

■ Defendant contends that the failure to appoint counsel at the preliminary hearing denied him the safeguards to which he is entitled under the United States Constitution, and that the preliminary hearing was a critical stage of the proceedings. The Supreme Court of the United States has held that the lack of counsel at a "critical stage" of criminal proceedings is per se a violation of the constitutional guarantee of the Sixth Amendment. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

We have repeatedly held that the failure of the trial court to appoint counsel to represent a defendant at his preliminary hearing is not error unless defendant's position is prejudiced thereby. State v. Miranda, 104 Ariz. 174, 450 P.2d 364 (Feb. 6, 1969); State v. Moses, 101 Ariz. 426, 420 P.2d 560; State v. Smith, 99 Ariz. 106, 407 P.2d 74; State v. Gherna, 99 Ariz. 42, 406 P.2d 396; State v. Gortarez, 98 Ariz. 160, 402 P.2d 992. In State v. Smith, supra, we said:

"Defendant contends that the court erred in not appointing counsel to represent him at his preliminary hearing. We have held that failure to assign counsel prior to a preliminary examination is not error, unless a defendant's position is prejudiced thereby. The purpose of a preliminary hearing is to determine whether the evidence is sufficient to find probable cause to hold a person to answer

for the offense charged." 99 Ariz. at p. 108, 407 P.2d at p. 75.

The defendant, in a collateral attack, attempts to show prejudice in that he was not furnished an attorney at his preliminary hearing nor a transcript thereof. He goes outside of the record and asks this Court to consider matters not heretofore raised and which do not appear in the record. He, for the first time, now over a year after the trial, states that the testimony of Sillik at the preliminary hearing is inconsistent with that of the trial. Either he did not inform his counsel at the trial or his counsel concluded that there was no merit in the asserted inconsistency since he did not cross-examine Sillik as to the present vague claim. The claimed inconsistent statements could have been proven by other evidence, such as, testimony of the justice of the peace or other witnesses present. However, it was not made a part of the record and no foundation was made either as a basis for testimony or for use of a transcript. There is no basis for the contention made, therefore the same cannot be considered by this Court. No error is shown. State v. Moses, 101 Ariz. 426, 420 P.2d 560.

■ Defendant contends that error was committed by the superior court in not providing him with a copy of a police report. Defendant states that he wrote the clerk of the court for a police report, which letter was approximately a year after the trial. He attaches a copy of the answer to his letter in which the clerk informs him that such a police report has not been filed. Had his attorney considered that a police report would have been of value to him he would have undoubtedly requested it. The defendant does not show a proper demand upon the police department for such a report. Hence there could not have been any error in one not having been furnished the defendant.

■ Defendant's last contention of error is contained in the question presented in his brief:

"Did the trial Judge error by not instructing the jury as well as refused to instruct the jury that Mr. Sillik and Mr. Seal, the State's witnesses, admitted under oath that the robber had his head and face cover up and they did not see Appellant's face or his head, and all they know, that the robber was a negro."

Such an instruction would have been improper and a comment upon the evidence. Our courts have repeatedly held that a comment upon the evidence is not permitted. State v. Michael, 103 Ariz. 46, 436 P.2d 595. Glowacki v. A. J. Bayless Markets, Inc., 76 Ariz. 295, 263 P.2d 799. Evidently the defendant was referring to the sufficiency of the evidence and the credibility of the witnesses. All of these matters were adequately covered by the instructions of the court.

We have examined the record and find no error. Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.