# 340

452 P.2d 121

**STATE of Arizona, Appellee,**

v.

**Marshallo Kiokie BLACK, Appellant.**

**No. 2 CA–CR 135.**

Court of Appeals of Arizona.

March 28, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Marshallo Kiokie Black, in pro. per.

KRUCKER, Judge.

Appellant, Marshallo Kiokie Black, appeals from a judgment and sentence for the crime of burglary, first degree. He was found guilty by a jury verdict filed February 2, 1968, and judgment and commitment were signed and entered February 19, 1968. The defendant was sentenced to not less than five years nor more than six years in the Arizona State Prison for violation of A.R.S. § 13–302, as amended.

Defendant was represented by appointed counsel at the trial and sentencing. Notice of appeal was filed April 16, 1968.

On September 18, 1968, appellant's attorney filed a document entitled "Petition by Attorney Showing No Fundamental Error in Trial Below and Requesting the Court to Examine Record for Same." On October 29, 1968, following Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967), the court treated the petition as a petition to withdraw as counsel and granted appellant until November 25 to file briefs or statements asserting his claim for the proper decision of his appeal. Appellant responded by requesting the court to order counsel to forward all records and transcripts to the appellant. On December 2, 1968, the court made the requested order, and counsel gave notice to this court of forwarding these documents to appellant on December 4.

The clerk of this court, on February 13, 1969, advised appellant to forward his brief forthwith. On March 6, 1969, the court requested the defendant to advise the court if he intended to pursue his appeal. There has been no response to the order of the court or to letters sent to the appellant.

Under the provisions of A.R.S. § 13–1715, we have examined the entire record before this court, including the transcript of testimony of the trial and the transcript of proceedings at sentencing, and we are unable to find any error or grounds for a reversal.

The recent case of State of Arizona v. Sheffield, 104 Ariz. 278, 451 P.2d 607 (filed March 12, 1969), precisely outlines the procedure and is in point with the instant case. However, in *Sheffield*, a brief was filed which pointed out some arguable grounds for appeal, which our Supreme Court dealt with. In the instant case, there being no

brief filed whatsoever, there are no arguable points raised on appeal. In the case before us, an automobile was burglarized and there were eye witnesses to the burglary. No critical evidence was obtained by search and seizure, there is no arguable question of an illegal arrest. The guilt of the appellant seems clear, and we see no arguable error worthy of further comment.

We believe that judgment should be affirmed rather than entering a dismissal of the appeal.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.