**432**

454 P.2d 864

**STATE of Arizona, Appellee,**

v.

**Henry SHEFFIELD, Appellant.**

**No. 1801.**

Supreme Court of Arizona.

In Banc.

May 22, 1969.

———◆———

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., T. M. Pierce, Asst. Atty. Gen., for appellee.

Healy, Laubscher & Walker, by George T. Walker, Tucson, for appellant.

·McFARLAND, Justice:

Henry Sheffield, hereinafter designated as defendant, was convicted of the crime of robbery and sentenced to serve a term in the Arizona State Prison. From this judgment and sentence he appealed to the Arizona Supreme Court. The judgment was affirmed in our decision of March 12, 1969. 104 Ariz. 278, 451 P.2d 607. Following this decision defendant moved for a rehearing.

Defendant's motion for rehearing only recites matters which were covered by our original decision. However, he contends for the first time that when the officer took him before Sillik the officer said: "We got the negro that robbed you."

The record does not substantiate this contention. There was an attempt by defendant's counsel to establish a similar statement in his cross-examination of Sillik at the trial, but he was unable to do so. The record shows that Sillik testified the officer asked him: "Is that the man?" Counsel in further cross-examination asked Sillik:

"* * * Is it possible that he said this is the man that robbed your store?"

After which the following testimony was recorded:

"A I don't believe he phrased it—would make a phrase or state it like that.

"Q I'm not interested in what he might do. I'm interested in what did actually happen.

"A I do know that one of the detectives asked me to nod if it was the man, and I did. Then they took him out.

"Q Then you are sure he didn't say this is the man, nod when he comes in?

\*   \*   \*   \*   \*   \*

"BY THE WITNESS: Yes. I don't remember the exact wording that the officer used."

Counsel did not pursue the matter further—either by subpoenaing the officer to testify or by placing defendant on the stand. Evidently it was not thought it was to defendant's advantage to do so. Defendant in an appeal is bound by the record which he helped make. He had his opportunity. If this Court would permit a consideration on appeal of alleged possible testimony which was not presented at the trial, there would be no end to a criminal case. This Court has emphatically held that a defendant is bound by the record. State v. Wilson, 95 Ariz. 372, 390 P.2d 903; State v. Vallejos, 89 Ariz. 76, 358 P.2d 178. Nor is this a case that would under any circumstances justify an exception, for the very same subject matter was under consideration by the court during the trial.

Rehearing denied.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.