492 P.2d 715

**STATE of Arizona, Appellee,**

v.

**David KEENEY, Appellant.**

**No. 1 CA–CR 394.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 20, 1972.

Rehearing Denied Feb. 10, 1972.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Wilson & Russin by Alexander Russin, Holbrook, for appellant.

EUBANK, Judge.

Defendant, David Keeney, is appealing from the judgment of conviction and sentence entered following his plea of guilty to the crimes of burglary in the first degree and in the second degree. The question presented for review is whether the failure of the justice of the peace record to show that the defendant was advised of his right to counsel requires that the judgment of conviction be set aside.

Defendant was arrested on a warrant charging two counts of burglary and was taken before a justice of the peace in Navajo County. The only record of this hearing is an order signed by the justice holding the defendant to answer for the crimes charged. The order shows that neither the defendant nor the state was represented by counsel at the hearing, that "defendant waived preliminary hearing", and that bail was set at $5,000.00. This order was in compliance with Rule 17, Rules of Criminal Procedure, 17 A.R.S. Appellant was taken before the Superior Court for arraignment one week later, where he pled guilty to the two counts of burglary.

Prior to defendant's plea, the superior court judge interrogated the defendant as follows:

"THE COURT: I next inform you that you have a right to have a lawyer represent you in this case and if you want to have a lawyer and cannot afford to hire one, you can still have one without having to pay for one because it is your absolute right to have a lawyer under the Constitution of the United States and also the State of Arizona whether or not you can afford to hire one or not, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing that you can have an attorney, if you cannot afford to hire one, by appointment, what do you wish to do?

A No lawyer, sir.

THE COURT: You don't want a lawyer?

THE DEFENDANT: No, sir.

THE COURT: You understand that if you can't afford to hire one, you can have one appointed for you?

THE DEFENDANT: Yes, sir.

THE COURT: How old are you?

THE DEFENDANT: Twenty-two.

THE COURT: What is the extent of your education?

THE DEFENDANT: Eleventh grade.

THE COURT: You understand the seriousness of the charge?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing all this, you still wish to proceed without a lawyer?

THE DEFENDANT: Yes.

THE COURT: Let the record show his desire or wish to proceed without a lawyere (sic) is accepted. . . ."

The court then thoroughly examined the defendant concerning his guilty plea and as to whether there was a factual basis for accepting his plea. Approximately two weeks later defendant was sentenced to a term of from two to three years in the

State Prison on Count I, and the imposition of sentence was suspended for five years on Count II.

The sole basis for this appeal is that the justice of the peace record fails to disclose any statement that he was informed of his right to counsel and hence his waiver of the preliminary examination or hearing was involuntary. However, no contention is made that the justice of the peace did not inform him of his right to counsel or that he was prejudiced by the procedure used.

█ While we agree that the Sixth Amendment requires that counsel be made available to an indigent defendant, if he so desires, at any critical stage of the proceedings, it does not necessarily follow that a conviction whould be automatically reversed by a failure of the record to show such a waiver of this right. In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970), the United States Supreme Court held that even though a preliminary hearing is a critical stage of the criminal process at which the defendant is entitled to assistance of counsel, there must be a showing that the defendant is prejudiced by the lack of such assistance before a conviction is void. The court there looked to Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and held that since the question of prejudice could not be determined from the record, the judgment should be vacated and remanded to determine whether the defendant was prejudiced. Similarly, our own Supreme Court has held that in order to void a conviction the defendant's position must be prejudiced by the failure to appoint counsel at the hearing. State v. Sheffield, 104 Ariz. 278, 451 P.2d 607 (1969). See also a full discussion of the right to counsel in State v. Riley, 106 Ariz. 318, 475 P.2d 932 (1970).

█ An examination of the record shows that in addition to the facts previously stated, the defendant *did not* enter a plea at the Rule 16(A) [1] hearing, and *did not* make any inculpatory statements or confessions at the Rule 16 hearing or between the time of the hearing and the later arraignment. But it does show that he waived the preliminary hearing or examination. Clearly, at the time of the arraignment before the superior court, appellant had done nothing to prejudice himself as far as his constitutional right to counsel was concerned. Furthermore, at the arraignment, as we have pointed out previously, appellant was adequately informed of his right to counsel prior to his plea of guilty being accepted by the trial court. Hence, we can find no prejudice resulting from the failure of the justice of the peace order to show that he informed appellant of his right to counsel at the Rule 16 hearing. In addition, under the facts of this case we hold that the Rule 16 hearing was not a critical stage of the proceedings.

█ Furthermore, it should be pointed out that defendant does not contend that the justice of the peace did not advise him of his right to counsel, but only that the record does not show that he did. Rule 16, supra, requires such advice. However, the silence of the record does not mean that such duty was not executed. Furthermore, since the record does expressly show the waiver of the preliminary examination and the immediate transfer of the case to the superior court, it must be recognized that Rule 79, Rules of Criminal Procedure, 17 A.R.S. is applicable and it reads as follows:

"No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The

---

1. "Rule 16. Duty of magistrate
    A. When the defendant is brought before the magistrate after arrest, either with or without a warrant, on a charge of having committed an offense which the magistrate is not empowered to try and determine, the magistrate shall immediately inform him:

    1. Of the charge against him.
    2. Of his right to the aid of counsel during the preliminary examination.
    3. Of his right to waive such examination."
    *       *       *       *       *

fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits."

The effect of this rule further supports the acceptance of defendant's plea by the superior court judge because he did not object to the information subsequent to, or prior to, his express, clear and voluntary waiver of counsel at the arraignment, and his failure to raise this objection prior to entering his guilty plea waived his right to question the alleged defect in the preliminary matter. State v. White, 102 Ariz. 18, 423 P.2d 716 (1967).

Finally, it should be said that the defendant made a complete confession to both crimes charged in the information in open court after waiver of counsel. There is no claim made that defendant was innocent of the crimes charged in the information.

Judgment is affirmed.

HAIRE, P. J., Department B and JACOBSON, J., concur.