IN THE MATTER OF THE APPLICATION OF JAY ROBERT HOFF, JR., FOR A WRIT OF HABEAS CORPUS.

No. 4756

June 29, 1964                     393 P.2d 619

---

[1]Buckley did not appeal. Bullard filed a notice of appeal, but later abandoned the matter.

*Jerry Carr Whitehead,* of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, and *C. B. Tap-scott,* Deputy Attorney General, of Carson City, for Jack Fogliani, Warden, Nevada State Prison.

## OPINION

By the Court, THOMPSON, J.:

This is an original habeas corpus proceeding. The petitioner, an indigent, was convicted of grand larceny in the district court. He now asks to be released from prison, contending that, as he was without counsel at the preliminary hearing, his present confinement is illegal. Here, as in Victoria v. Young, 80 Nev. 279, 392 P.2d 509, the petitioner mainly relies upon Hamilton v. Alabama, 368 U. S. 52; Gideon v. Wainwright, 372 U. S. 335; and White v. Maryland, 373 U. S. 59. In Victoria v. Young, supra, we distinguished those cases and held that a preliminary hearing in Nevada is not a critical stage of the state's criminal procedure, primarily because an accused is not "arraigned" at that time (NRS 174.130; Pinana v. State, 76 Nev. 274, 352 P.2d 824; cf. Hamilton v. Alabama, supra) ; nor is a plea entered to the charge (cf.

White v. Maryland, supra). However, in reaching that conclusion we did suggest that, where there has been a preliminary hearing without counsel, the attorney later appointed (or retained) in the district court should, by motion, request a new preliminary hearing if he believes his client's rights to have been prejudiced by reason of that fact. We now further suggest that, in the interest of precluding the possibility of prejudicial error (for one cannot foresee how, and to what degree, the lack of counsel at a preliminary hearing may infect the fairness of a later trial—it may or it may not), such a motion by defense counsel, when made, should be granted. In Victoria the suggested course was still open to the accused, for his district court trial had not yet occurred. Here it is not. He has been tried and found guilty. We must, therefore, decide whether, in the circumstances here present, the petitioner was denied a fair trial in the district court because he was without counsel at the preliminary hearing.

During the trial below, defense counsel used the transcript of the preliminary hearing in an effort to impeach the testimony of certain state witnesses. Clearly, the opportunity to so use the prior recorded testimony was to the defendant's advantage rather than to his prejudice. If successful in his impeachment effort, the possibility of acquittal increased. If not successful, he sustained no damage. Notwithstanding this fact, the petitioner argues that the use made of the preliminary transcript would have been of greater value had the witnesses been subjected to cross examination by competent counsel at the preliminary hearing. Perhaps this is so. We presume that the aid of counsel is of value at all times to one accused of crime, even before a preliminary hearing is held. Our recognition of counsel's value, however, does not mean that his assistance is constitutionally required at all stages of the criminal proceeding.

We do not know the intended scope of the United States Supreme Court rulings to which we have referred. It is clear that (a) the federal constitution's sixth amendment guarantee of counsel was incorporated into

the fourteenth amendment and made binding on the states by Gideon; (b) that such guarantee extends to the critical stages of a criminal proceeding (Hamilton); (c) that the entry of a plea at arraignment is a critical stage (Hamilton); (d) and that the entry of a guilty plea when taken before a magistrate at a preliminary hearing, which plea is later received in evidence at the trial, is a critical stage (White v. Maryland). Whether the cases were intended to have a broader application, or merely portend a warning of what is yet to come, is beyond our capacity to discern at this time. For the purposes of the case before us we know that the petitioner, with the assistance of competent counsel, entered his plea of not guilty upon arraignment in the district court. Nothing later occurred at his trial (cf. White v. Maryland, supra) to impair the fairness of the trial. We therefore conclude that, in this case, the petitioner was not denied his constitutional right to be represented by counsel at all critical stages of the criminal proceeding against him.

Notwithstanding our holdings in Victoria v. Young, and this case, we urge the Nevada Legislature to adopt laws providing for the appointment and compensation of counsel for indigent defendants at the preliminary hearing stage of the proceeding against them.

An additional reason is urged for discharging the petitioner. The day originally set for his preliminary hearing (March 14, 1963) was vacated and the earlier date of March 12 assigned. The rescheduling occurred in the absence of the petitioner. He claims to have been unaware of this change until March 12 when he was taken to the justice's court for the hearing. Whether this claim is true or false is not disclosed by the record. Assuming its truth, the irregularity is not shown to have prejudiced the petitioner with respect to a substantial right. Indeed, an attempt to show how, or in what manner, such change of hearing date may have affected his right to a fair trial, was not made at any time during the proceedings below. This kind of an irregularity is plainly one of the targets of the harmless error statute.

NRS 169.110; cf. Overton v. State, 78 Nev. 198, 370 P.2d 677. We hold that the irregularity was harmless error in this case.

Writ denied.

BADT, C. J., and MCNAMEE, J., concur.