JACK HENNING and MAX WOOLF, Appellants, v.
C. W. YOUNG, Sheriff of Washoe County,
Respondent.

No. 4823

May 5, 1965

401 P.2d. 689

*Robert N. McGehee*, of Reno, for Appellants.

*Harvey Dickerson*, Attorney General, *William J. Raggio*, District Attorney, and *Herbert F. Ahlswede*, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Zenoff, D. J.:

Petitioners appeared, with counsel of their own choice, at a preliminary hearing before the Justice

Court for the Township of Sparks, to answer a criminal complaint accusing them of the crime of rape. The petitioners allege that the procedure at their preliminary hearing was improper and thus rendered the preliminary hearing void.

At the hearing testimony was presented by the state. After the state rested the Justice of the Peace advised the defendants of their prerogatives pursuant to NRS 171.410.[1] Defendants declined to make a statement and sought to proceed under NRS 171.435 which provides as follows:

"1.   After the waiver of the defendant to make a statement, or after he has made it, his witnesses, if he produces any, must be sworn and examined.

"2.   The defendant, if he waives making a statement, upon his own request and not otherwise, may be sworn and examined as a witness and, if so sworn and examined, he may be cross-examined."

They called as their witness a law officer, Sam Costa, who had signed the complaint. Costa was present under subpoena by the state, but was not in the courtroom, and had not testified. Before he took the witness stand and was sworn, the prosecutor objected to his testifying, claiming the attempt to secure Costa's testimony was a "fishing expedition" by the defense. Defense counsel made no statement as to the nature of Costa's testimony nor what was expected to be established.

The Justice of the Peace sustained the objection, and defendants offering no further testimony or evidence, bound the defendants over to the district court for arraignment. It was at this stage that the defendants sought the writ of habeas corpus which was denied by the district court.

---

[1]"When the examination of the witnesses on the part of the people is closed, the magistrate must distinctly inform the defendant:

"1.   That it is his right to make a statement in relation to the charge against him (stating to him the nature thereof).

"2.   That the statement is designed to enable him, if he sees fit, to answer the charge, and to explain the facts alleged against him.

"3.   That he is at liberty to waive making a statement.

"4.   That his waiver cannot be used against him on the trial."

We have already decided that the preliminary hearing is not a "critical stage" of a criminal proceeding in this state. Victoria v. Young, 80 Nev. 279, 392 P.2d 509 (1964); Ex parte Hoff, 80 Nev. 360, 393 P.2d 619 (1964). The preliminary hearing is the creature of statute and no constitutional guaranty is necessarily involved or impaired. Farnham v. Colman, 19 S.D. 342, 103 N.W. 161, 162; Pointer v. State of Texas, 85 S.Ct. 1065.

Defendants had not availed themselves of their right to subpoena Costa as their own witness,[2] nor does the record reflect how or in what manner the defendants were materially or substantially prejudiced. Application of Finn, 54 Cal.2d 807, 356 P.2d 685, at page 688. If discovery was the defendants' purpose, as the prosecutor suggests, other means may be attempted. Cf. Marshall v. District Court, 79 Nev. 280, 382 P.2d 214.

Sufficient cause was shown to justify the Justice of the Peace to bind the defendants over to the district court for further proceedings. Certainly, then, habeas corpus is not the proper remedy in this instance. The denial of the petition for a writ of habeas corpus is affirmed.

THOMPSON and BADT, JJ., concur.

[2] NRS 178.245 provides: "1. A magistrate before whom a complaint is laid, or a clerk of the district court before which a proceeding by indictment or information is being tried, may issue subpenas subscribed by them for witnesses within the State of Nevada, either on behalf of the state or of the defendant."