UNITED STATES of America ex rel. Lester E. MORFORD, III, Petitioner,

v.

Carl HOCKER, Warden, Nevada State Penitentiary, Carson City, Nevada, Respondent.

Civ. No. 1943–N.

United States District Court
D. Nevada.

May 18, 1967.

Stanley H. Brown, John Squire Drendel, and Melvin Schaengold, Reno, Nev., for petitioner.

Harvey Dickerson, Atty. Gen., of Nevada, Carson City, Nev., and William J. Raggio, Dist. Atty., Washoe County, Nev., Reno, Nev., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THOMPSON, District Judge.

Lester E. Morford, III, has tendered a Petition for Writ of Habeas Corpus. Petitioner was arrested on August 22, 1962, on suspicion of murdering one Jack A. Foster. On September 14, 1962, he waived preliminary hearing in the Justice's Court, Reno Township. An Information was thereafter filed by the District Attorney on October 3, 1962 in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, charging Petitioner with murder. On April 26, 1963, Petitioner pleaded guilty to the Information. A three-judge court, impaneled pursuant to order of the Supreme Court of the State of Nevada, on July 19, 1963, found the Petitioner guilty of murder in the first degree and sentenced Petitioner to death. Petitioner has exhausted his available state remedies. Upon petition and return, a hearing was held in this Court on May 12, 1967, at which no evidence was presented, leaving only a question of law for this Court.

The procedure employed by the prosecuting authorities in filing an Informa-

tion for murder was valid under the constitutional and statutory provisions of Nevada. Petitioner does not contend otherwise.

Section 8, Article I, of the Nevada Constitution, provides, in part, as follows:

"No person shall be tried for a capital or other infamous crime (except in cases of impeachment, and in cases of the militia when in actual service and the land and naval forces in time of war, or which this state may keep, with the consent of congress, in time of peace, and in cases of petit larceny, under the regulation of the legislature) except on presentment or indictment of the grand jury, or upon information duly filed by a district attorney, or attorney-general of the state, and in any trial, in any court whatever, the party accused shall be allowed to appear and defend in person, and with counsel, as in civil actions."

Section 173.070, Nevada Revised Statutes, is as follows:

"Courts may act upon information for all offenses. The several courts of this state shall have and may exercise the same power and jurisdiction to try and determine prosecutions upon information for crimes, misdemeanors and offenses, to issue writs and process and do all other acts therein as in cases of like prosecution under indictment."

The sole contention of Petitioner, however, is that a state may not prosecute a capital crime by information. It is asserted that the Fifth Amendment requirement that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *" is applicable to the states through the Fourteenth Amendment Due Process Clause; therefore a state can prosecute capital crimes only by grand jury indictment.

Petitioner initially relies on Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041, for the proposition that as a matter of constitutional compulsion, the federal government must prosecute capital crimes by indictment of a grand jury, and any provision for waiver would contravene the Fifth Amendment. Smith v. United States, supra, does not so hold. In *Smith,* the defendant waived indictment and was proceeded against by information for violation of the Federal Kidnapping Act, 18 U.S.C. § 1201, which carried a possible punishment of death. The Supreme Court was then concerned with the scope of waiver of indictment allowed under Rule 7(a) of the Federal Rules of Criminal Procedure:

"*Use of Indictment or Information.* An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court."

The Court construed Rule 7(a) to provide for waiver of prosecution by indictment only in non-capital cases. "Under our view of Rule 7(a), the United States Attorney did not have authority to file an information in this case and the *waivers made by petitioner were not binding and did not confer power on the convicting court to hear the case."* Smith v. United States, supra, at p. 10, 79 S.Ct., at p. 997. The sole impact of *Smith* is that to date, the Federal Rules do not provide for waiver of indictment in capital cases, and the Federal Courts are still bound by Fifth Amendment's requirement of indictment by a grand jury.

Petitioner's argument is premised on the theory that in capital cases, the Fifth Amendment is a jurisdictional requirement rather than a personal privilege of the accused. The Court must consider this argument in relation to all crimes rather than merely capital crimes, for

"the Constitution makes no distinction between capital and noncapital cases." Justice Clark, concurring, Gideon v. Wainwright, 372 U.S. 335, at 349, 83 S. Ct. 792, at 799, 9 L.Ed.2d 799. In *Smith*, the Supreme Court cited Barkman v. Sanford, 162 F.2d 592 (5th Cir.) for the proposition that "the command of the Amendment may be waived under certain circumstances * * *." *Smith*, supra, 360 U.S. at p. 6, 79 S.Ct., at p. 995.

The Petitioner in *Barkman* waived indictment and was proceeded against by information for a noncapital felony. It was there contended that the Fifth Amendment requirement of indictment was jurisdictional rather than a personal privilege of the accused and thus Rule 7(a), providing for waiver, was unconstitutional. Noting that the other provisions of the Fifth Amendment relating to double jeopardy and self-incrimination could be waived, the Court of Appeals held that the requirement of indictment was a personal privilege rather than a jurisdictional requirement and that Rule 7(a) waiver was consistent with the purposes of the Fifth.

Although the federal courts are still restricted by the requirement of indictment under the Fifth Amendment in capital cases, it would seem that had Congress expanded the scope of Rule 7(a) to include capital crimes, the proscription of the Fifth Amendment would not be violated.

■ The immediate problem is whether the standard of the Fifth Amendment is incorporated into the due process clause of the Fourteenth as a limitation on state criminal proceedings. On the basis of present authority, it is clear that no such incorporation has been made. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340.

In 1961, the Supreme Court stated that "[e]ver since Hurtado v. California * * * this Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions." Beck v. Washington, 369 U.S. 541, at 545, 82 S.Ct. 955, at 957, 8 L.Ed. 2d 98.

Petitioner has advanced the argument that there should be a "wholesale" incorporation of the Fifth Amendment, and, inferentially, the first eight amendments, into the Fourteenth as limitations upon state activities. To date, such an "in toto" adoption of federal standards has been rejected. Cf. Justice Douglas, concurring, Gideon v. Wainwright, supra, 372 U.S., at 345, 83 S.Ct., at 797. When it refused to incorporate the Fifth Amendment protection against double jeopardy in Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, and when it applied the Fifth Amendment privilege against self-incrimination in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, the Supreme Court disavowed any notion of a wholesale absorption of the Bill of Rights.

■ The principle followed is one of selective incorporation. Only those provisions of the Bill of Rights which "have been found to be implicit in the concept of ordered liberty," Palko v. State of Connecticut, supra, 302 U.S., at 325, 58 S.Ct., at 152, have through the Fourteenth become enforceable against the states. Incorporation is a determination that the provision is "a fundamental right, essential to a fair trial." Malloy v. Hogan, supra, 378 U.S., at p. 6, 84 S.Ct. at p. 1492, (citing Gideon v. Wainwright).

In establishing this standard in the post-*Hurtado* cases, the Court has, by dicta, indicated that the right to indictment by grand jury is not within the scope of these fundamental rights.

"The right to trial by jury and the immunity from prosecution except as the result of an indictment may have value and importance. Even so, they are not of the very essence of a scheme of ordered liberty. To abolish them is not to violate a 'principle of justice so rooted in the traditions and conscience of our

people as to be ranked as fundamental.' Snyder v. [Com. of] Massachusetts (291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674) * * *. Few would be so narrow or provincial as to maintain that a fair and enlightened system of justice would be impossible without them." Palko v. State of Connecticut, supra, 302 U.S., at 325, 58 S.Ct., at 152.

Rather than being bound by such statements, however, this Court adopts the view of Justice Douglas that "happily, all constitutional questions are always open." Gideon v. Wainwright, supra, 372 U.S., at 346, 83 S.Ct., at 798. The problem for this Court is to examine the facts of this particular case to see whether the procedure of the State of Nevada now in question "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Snyder v. Com. of Massachusetts, 291 U.S. 97, at 105, 54 S.Ct. 330, at 332, 78 L.Ed. 674.

■■ In examining the Nevada procedure, it must be emphasized that the Fifth Amendment is "intended mainly for the security of personal rights", and the requirement of indictment by grand jury is "a means of protecting the citizen against unfounded accusation * * *." Ex Parte Bain, 121 U.S. 1, at 6, 11, 7 S.Ct. 781, at 784, 786, 30 L.Ed. 849. Investigation discloses that the procedure adopted by the Courts of Nevada is, in fact, one of the more enlightened systems of protecting the individual against arbitrary action.

■ Prosecution may proceed in the state courts either by means of indictment or information. Art. I, § 8, Nevada Const. N.R.S. 173.070. All provisions of law applicable to prosecution by indictment apply equally to prosecution by information. N.R.S. 173.110.

■ Assuming that prosecution commences with proceedings before the grand jury, only legal evidence is receivable by the grand jury. N.R.S. 172.260. Although the grand jury is not bound to hear evidence on behalf of the defendant, it may order the production of explanatory evidence, including the issuance of process for witnesses. N.R.S. 172.270. Any statements a grand juror may have made during the proceedings are kept secret. N.R.S. 172.330. The grand jury ought to, although it is not so compelled, bring an indictment when the evidence before it "in their judgment, would, if unexplained and uncontradicted, warrant a conviction by the trial jury." N.R.S. 172.280. The indictment cannot be found without the concurrence of twelve jurors. N.R.S. 173.010. When the indictment is filed, the defendant must be arraigned before the Court in which it was found. N.R.S. 174.010.

■ The defendant is not thereafter precluded from attacking the basis of the indictment. Nevada procedure provides that prior to trial, a writ of habeas corpus is available to a defendant in custody by virtue of process of any court. N.R.S. 34.500(7) specifically provides that the writ is available "[w]here a party has been committed on a criminal charge without reasonable or probable cause." If necessary, to challenge the indictment for want of probable cause, a copy of the transcript of the testimony of witnesses before the grand jury is to be made available to the defendant. Shelby v. Sixth Judicial District Court, 82 Nev. 204, 414 P.2d 942; Ivey v. State, Nev., 420 P.2d 853.

■ In the alternative, the prosecution may be brought by information. An information may be filed in three instances, (1) following a preliminary examination and a binding over to the District Court; (2) following waiver by the defendant of a preliminary examination; or (3) upon the affidavit of any competent witness having personal knowledge of the offense. N.R.S. 173.140.

■ Assuming a preliminary examination is held, the proceedings are before a magistrate, generally in the Justice's Court. At the time of the proceedings against this Petitioner, the magistrate was required to inform the

accused of the charges and of his right to counsel at every stage of the proceedings. N.C.L. 10768. Before the proceedings could continue, the accused was to be given time to procure counsel of his own. N.C.L. 10769.[1]

During the hearing, the witnesses must be examined in the presence of the defendant and may be cross-examined on his behalf. N.R.S. 171.405. The defendant may make a statement in answer to the charge against him. N.R.S. 171.410. If, after the hearing, it appears that no public offense has been committed or that there is not sufficient cause to believe that the defendant has committed a public offense, the defendant must be discharged. Otherwise he must be bound over to the District Court for the filing of an information. N.R.S. 171.450, 171.451. The defendant is then arraigned in the District Court where the information was filed. N.R.S. 174.010.

The defendant may waive preliminary examination and an information may immediately be filed in the District Court. Upon arraignment in the District Court (N.R.S. 174.010), an attorney may either be retained or appointed. Before any further proceedings, the defendant may then move to have a preliminary hearing, notwithstanding the defendant's previous waiver, if he feels there was prejudice caused by the lack of such hearing. Ex Parte Hoff, 80 Nev. 360, 393 P.2d 619.

. The third instance in which an information may be filed is predicated on an affidavit of a competent witness having knowledge of the commission of an offense, filed to support the information. Presumably, under this little used alternative, when the petitioner obtains counsel at arraignment, he could then move for a preliminary hearing prior to

further proceedings. Ex Parte Hoff, 80 Nev. 360, 393 P.2d 619.

Whenever an information is filed and the defendant is in custody pursuant to such process, he may petition for a writ of habeas corpus on the grounds that he "has been committed on a criminal charge without reasonable or probable cause." N.R.S. 34.500(7). The transcript of the preliminary examination is available to the Court in considering whether such probable cause did exist. N.R.S. 171.405(10).

Upon review of the procedure employed by Nevada, it is clear that the defendant, through habeas corpus in every case, may have a determination by the Court of whether probable cause exists for the charge. Eureka County Bank Habeas Corpus Cases, 35 Nev. 80, 126 P. 655, 129 P. 308; Ex Parte Colton v. Leypoldt, 72 Nev. 83, 295 P.2d 383; State v. Plas, 80 Nev. 251, 391 P.2d 867. This is in addition to grand jury deliberation provided in cases brought by indictment and the preliminary examination where prosecution is by information. Surely this is a "means of protecting the citizen against unfounded accusation * * *." Ex Parte Bain, supra. There is no basis for holding that the procedure employed by Nevada violates any fundamental concept of ordered liberty essential to a fair prosecution. These multiple safeguards may be contrasted with the federal system in which an indictment forecloses any pre-trial inquiry into the existence of probable cause.

The record shows that while represented by counsel, Petitioner waived his preliminary hearing. An information was filed to which Petitioner pleaded guilty. He did not petition the state courts for a determination of whether reasonable or probable cause

---

1. In 1965, the Nevada Legislature amended the statute to provide for the appointment of counsel by petition to the District Court prior to the preliminary examination. N.R.S. 171.370, 171.375. This is so notwithstanding holdings that the Nevada preliminary examination is not a critical stage of the proceedings requiring the appointment of counsel. Victoria v. Young, 80 Nev. 279, 392 P.2d 509; Ex parte Hoff, 80 Nev. 360, 393 P.2d 619.

existed for the charge. It cannot be said that Petitioner was denied due process of law by the procedure employed.

It is therefore ordered:

1. The Petition for Writ of Habeas Corpus is denied.

2. The order staying execution entered by this Court on April 13, 1967, is revoked.