JOE ALLEN PAYNE, Appellant, v. WARDEN,
NEVADA STATE PRISON, Respondent.

No. 5834

December 1, 1969                                    461 P.2d 406

*James D. Santini,* Public Defender, and *Earle W. White, Jr.,*
Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,
Jr.,* District Attorney, and *Larry C. Johns,* Deputy District
Attorney, Clark County, for Respondent.

### OPINION

*Per Curiam:*

A jury found the appellant guilty of first degree murder and
caused him to be sentenced to prison for life without the possi-
bility of parole. Judgment was entered on November 5, 1964,

and this court affirmed that judgment in Payne v. State, 81 Nev. 503, 406 P.2d 922 (1965).

On December 4, 1968, the appellant filed, in district court, a petition for a writ of habeas corpus alleging that his constitutional rights had been violated because he was without the assistance of counsel during his preliminary examination and because certain prospective jurors, who entertained conscientious objections to the imposition of the death penalty, were excluded from his jury.

This appeal is taken from the denial by the trial court of the petition for a writ of habeas corpus and does not involve any issues decided in Payne v. State, supra.

1. In Henning v. Young, 81 Nev. 253, 401 P.2d 689 (1965), this court said: "We have already decided that the preliminary hearing is not a 'critical stage' of a criminal proceeding in this state. Victoria v. Young, 80 Nev. 279, 392 P.2d 509 (1964); Ex parte Hoff, 80 Nev. 360, 393 P.2d 619 (1964). The preliminary hearing is the creature of statute and no constitutional guaranty is necessarily involved or impaired. Farnham v. Colman, 19 S.D. 342, 103 N.W. 161, 162, 1 L.R.A., N.S., 1135; Pointer v. State of Texas, 85 S.Ct. 1065."

We find nothing in the record of this case that would indicate the involvement or impairment of a constitutional guaranty. There was no use or attempted use, at the trial, of any testimony given at the preliminary examination, therefore the rule announced in Pointer v. State of Texas, 380 U.S. 400 (1965), and Messmore v. Fogliani, 82 Nev. 153, 413 P.2d 306 (1966), does not apply. Furthermore, the appellant is unable to claim the advantage and protection of NRS 171.188 and 171.196, formerly NRS 171.370 and 171.375,[1] because he was tried and convicted before the amendments to those statutes became effective.

2. We now turn to the appellant's contention that his constitutional rights were violated because he was tried by a jury from which were excluded prospective jurors who entertained conscientious objections to the death penalty. In support of his position the appellant relies on Witherspoon v. Illinois, 391 U.S. 510 (1968).

In Howard v. State, 84 Nev. 599, 446 P.2d 163 (1968), we

---

[1]Effective April 3, 1965, the legislature amended the existing statutes to provide for the appointment of counsel to represent indigent defendants at preliminary examinations.

said: "Witherspoon does not touch a case where the sentence imposed is life imprisonment. Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968)."

We find the contentions of the appellant to be without merit and affirm the order of the trial court.