Wesley Robert WELLS, Petitioner,

v.

STATE OF CALIFORNIA, Respondent.

No. 64–845.

United States District Court
S. D. California,
Central Division.

Oct. 9, 1964.

Garry, Dreyfus & McTernan, Charles R. Garry, Donald L. A. Kerson, and Aubrey Grossman, San Francisco, Cal., Leo A. Branton, Jr., Los Angeles, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Gordon Ringer, William L. Zessar, Jack K. Weber, Deputy Attys. Gen., Los Angeles, Cal., for respondent.

CRARY, District Judge.

On June 24, 1964, petitioner WESLEY ROBERT WELLS filed with the United States District Court, Southern District of California, a petition for Writ of Habeas Corpus raising three grounds for relief:

(a) Petitioner was denied his constitutional right to counsel on appeal.

(b) Petitioner was denied his constitutional right to have counsel at his preliminary hearing.

(c) Petitioner was denied his constitutional right to communicate with the court regarding his appeal.

Petition for Writ of Habeas Corpus on grounds (a) and (c) was denied by the Supreme Court of California on November 6, 1963. Petition for Writ of Habeas Corpus on ground (b) above was denied by the Supreme Court of the State of California without opinion on September 18, 1964.

Defendant is presently imprisoned in California State Prison, California Men's Colony, in the County of San Luis Obispo, pursuant to commitment of the Superior Court of Sacramento dated September 26, 1944, for violation of California Penal Code Section 4502 [possession of a knife by an inmate of a state prison] and commitment of the same court dated August 29, 1947, for violation of Section 4500 of said Code [assault by a life term prisoner].

Petitioner, acting in propria persona, appealed his conviction under Section 4502, and following said appeal, the conviction was affirmed by the California District Court of Appeals on March 19, 1945. See People v. Wells, 68 Cal.App. 2d 476, 156 P.2d 979. Motion to recall the remittitur and to augment the record, made in December, 1949, by petitioner was denied by the said District Court of Appeals.

The matter is now before this court on an Order to Show Cause, heard July 27, 1964, and September 28, 1964. On August 24, *1944*, petitioner, at that time imprisoned in a state penitentiary, appeared before the Municipal Court in Sacramento, California, for a preliminary hearing regarding an alleged violation of Penal Code Section 4502 [noted above]. At this preliminary hearing petitioner was not represented by counsel, and it is this lack of counsel that petitioner asserts as grounds for the granting of the pending petition before this court.

At the said preliminary hearing the court advised the defendant he was entitled to the aid of counsel at all stages of the proceedings and the court would send for anyone he desired to appear as his counsel but that the court had no power to appoint counsel to represent him at the preliminary hearing. The petitioner asked for a delay to allow him to consult an attorney but stated he was not in a position to obtain an attorney. A petition to the California Supreme Court, docketed August 3, 1964, and decided September 18, 1964, as stated above, states at page 6 thereof:

"As an indigent felon, he was brought from the prison to the hearing."

Petitioner urges that Section 859 of the California Penal Code, enacted in 1957, which provides for appointment of counsel for indigent defendant at preliminary hearing, should be applied retroactively to petitioner's preliminary hearing in August, *1944*, and that by failure to do so petitioner was denied his "constitutional rights to counsel."

Defendant was represented by the public defender at the trial of his case [violation of Penal Code Section 4502] but did not have counsel on appeal though he requested same.

In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), strongly relied on by petitioner, the defendant did not have counsel at the time of his *arraignment* when he entered a plea of not guilty. The Alabama Supreme Court, while recognizing that he had a right under state law to be represented by counsel at arraignment, denied relief because there was no showing or effort to show that the defendant was "disadvantaged in any way by the absence of counsel when he interposed his plea of not guilty." Id. at p. 53, 82 S.Ct. at p. 158. The United States Supreme Court reversed the judgment of the Alabama court, saying:

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama *it is a critical stage in a criminal proceeding*. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes.

\* \* \* \* \* \*

"When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. \* \* \* In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." Id. at pp. 54–55, 82 S.Ct. at pp. 158–159. [Emphasis ours.]

In the instant case we do not deal with an *arraignment*. The Hamilton case cannot be deemed controlling where there has been lack of counsel at a preliminary hearing *without* arraignment.

Petitioner also cites White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193 (1963). In this case, the defendant, without counsel, was brought before a magistrate for preliminary hearing on August 9, 1960, at which time he *was arraigned and pleaded guilty.* Subsequently, at what the Maryland court calls the "arraignment," on September 8, 1960, defendant *entered pleas of "not guilty" and "not guilty by reason of insanity."* At this proceeding he was represented by counsel. The plea of guilty made at the preliminary hearing was introduced into evidence at his trial. The Maryland court said that Hamilton v. Alabama, supra, did not apply since the preliminary hearing in Maryland was not the "critical stage in a criminal proceeding," as there is no requirement under Maryland law to appoint counsel at the preliminary hearing, nor was it necessary for the defendant to enter a plea at that time. The United States Supreme Court reversed the judgment of the Maryland court, stating:

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

"We repeat what we said in Hamilton v. Alabama, supra [368 U.S.], at 55 [82 S.Ct. 157 at 159], that we do not stop to determine whether prejudice resulted: 'Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently.' We therefore hold that Hamilton v. Alabama governs * *." Id. 373 U.S. at p. 60, 83 S.Ct. at p. 1051.

In the instant case, there was *no plea of guilty entered*, only the "normal function" of a preliminary hearing was carried out. Evidence was introduced to determine whether an offense was committed and whether there was probable cause to believe that the petitioner was guilty of the offense. "The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and expense of a criminal trial." Jaffe v. Stone, 18 Cal.2d 146, 149–150, 114 P.2d 335, 338, 135 A.L.R. 775 (1941).

In United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2nd Cir. 1964), the defendant appeared without counsel before the Trial Justice Court of the town of Essex, Connecticut, for a "hearing in probable cause (or, 'bindover hearing')." At the hearing, defendant waived examination and pleaded not guilty to both counts of the complaint. He made no admission or confession "or in any other way acted so as to prejudice his case." Id. at p. 610. The Trial Justice Court found that probable cause existed and bound defendant over to the Superior Court for trial. The court in Reincke states:

"From Hamilton v. Alabama and White v. Maryland, it is plain that there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings. Even in White, decided after Gideon [Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], the Court did not refer to counsel 'at every stage.' Rather, *the 'critical' point is to be determined both from the nature of the proceedings and from that which actually occurs in each case.* Our initial concern in the case at bar, therefore, is whether this Connecticut pretrial procedure was of such consequence that it was critical." Id., 333 F.2d at p. 611. [Emphasis ours.]

The court then finds that the Connecticut hearing on probable cause has been accurately characterized as a mere " 'inquest' made to determine the existence of probable cause, and to discharge the accused if none exists," that the finding of probable cause is not final and cannot be used against an accused on trial, that the

hearing on probable cause and appearance before a judge or committing magistrate can be readily dispensed with by the State since an original information may be filed in the Superior Court, and that no such hearing is provided where the State's attorney chooses in the first instance to obtain a bench warrant from the Superior Court. Id. at pp. 611–612. And, the court holds:

"The Connecticut hearing in probable cause cannot, therefore, be characterized as critical as is arraignment in Alabama. Indeed, it can hardly be termed a proceeding against the accused; to the contrary, it appears to operate entirely for the accused's benefit. And the mere fact that an accused is required to plead does not in itself demand a contrary conclusion where the plea entered is a self-serving denial of guilt. At trial, appellant had every opportunity to present any defense that was available initially. Under these facts failure to supply counsel at this stage in the proceedings cannot be said to be a deprivation of a constitutional right." Id. at p. 612.

Further, in reply to the defendant's argument that he was prejudiced, the court indicated that the test is whether lack of counsel worked to "infect" his subsequent trial with an absence of "that fundamental fairness essential to the very concept of justice." Id. at p. 613. And the court held that defendant had made no showing that lack of counsel at the hearing had resulted in an absence of fairness at trial.

Although the differentiation made in Reincke between "self-serving" and "non-self-serving" pleas may not be upheld by the United States Supreme Court, the suggestion that the preliminary hearing works to the benefit of an accused lends support to the conclusion that the preliminary hearing, *when no plea is made*, is not a critical stage in the proceedings and lack of counsel at the preliminary hearing cannot be said to be a deprivation of a constitutional right.

■ Under California law, the preliminary examination is not required in these situations: (1) where the grand jury, after consideration of evidence, brings in an indictment, (2) where the charge is only of a misdemeanor, and (3) where it is waived by a defendant who thereby concedes the sufficiency of the evidence to hold him to answer. Further, a defendant charged with a felony, except an offense carrying the death penalty, may, with the consent of the magistrate and prosecuting officer, waive the preliminary examination by pleading guilty before the magistrate when the complaint is read to him, but a plea of guilty may not be received from any defendant not represented by counsel. Witkin, California Criminal Procedure, pp. 128–130. In no event is a defendant *required* to plead in a preliminary hearing in California.

■ It would therefore appear that the preliminary hearing in California cannot be characterized as "critical," and that lack of counsel at such hearing cannot be said to be a deprivation of a constitutional right.

Relative the contention of petitioner in the case at bar that the 1957 amendment to Section 859 of the California Penal Code should be applied retroactively. The 1957 amendment provides:

"If the defendant desires and is unable to employ counsel [for the preliminary hearing], the court must assign counsel to defend him."

Petitioner refers to United States v. LaVallee, 330 F.2d 303 (2nd Cir. 1964). In this case, four New York prisoners, serving increased sentences as second offenders, sought to invalidate their first convictions on the ground that they were not advised of their right to counsel when pleading guilty. The court held that the requirement in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963), of court-appointed counsel cannot be limited to cases in which a "not guilty" plea had been entered, the context in which Gideon itself was decided, and that state convictions, when founded upon a plea of

guilty by a defendant unaware of his right to counsel, similarly cannot stand.

The court in LaVallee further held that Gideon must be retroactively applied. In supporting its position, the court quoted the following with approval:

> " 'We do not deal here, however, with considerations of *res judicata* and vested rights, but with the question whether, consonant with our society's conceptions of due process and general constitutional law, we could deny the constitutional right enunciated in Gideon to those who happened to be tried before the decision was handed down. Thus to hold would be to assign a lower constitutional status to pre-Gideon prisoners who were denied the right to counsel, a right so "fundamental and essential to a fair trial" that it is made obligatory upon the States by the Fourteenth Amendment to the United States Constitution; a right that has been characterized by the Court as a "basic minimal" right vouchsafed by the Constitution * * *.' " United States v. La-Vallee, supra, 330 F.2d at p. 312.

■ In the instant case, a lower constitutional status is not assigned to pre-1957 prisoners in view of the conclusion that a lack of counsel at the preliminary hearing cannot be said to be a deprivation of a constitutional right because said preliminary hearing, in the case at bar, was not a *critical stage* in the criminal proceeding for the reasons noted hereinabove. This court cannot, therefore, subscribe to the suggestion that the 1957 amendment to Section 859 must be retroactively applied.

Grounds (a) and (c) for the petition herein, as noted above, were urged by petitioner for Writ of Habeas Corpus to the Supreme Court of California in 1953, but the motion of petitioner to the California District Court of Appeals made in 1949, and by that court denied, to recall the remittitur and augment the record on appeal was long before the decision in the case of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

In the case of Schiers v. California, 333 F.2d 173 (9th Cir. 1964), the defendant Schiers petitioned the United States District Court for a Writ of Habeas Corpus based on the fact he was not represented on appeal by counsel. He was represented by counsel at the trial but asserted he had no knowledge of his right to request counsel on appeal. The Court of Appeals held that since defendant-petitioner had not moved the California District Court of Appeals (the State Appellate Court determining the case on appeal) to recall its remittitur issued on final determination of his appeal, he had not exhausted his available state remedies. The court also observed that the California District Court of Appeals, in light of the Douglas decision requiring petitioner to have been offered assigned counsel on appeal, might grant the motion, assign counsel and re-entertain the appeal. (333 F.2d p. 177.)

■ Petitioner herein argues that the Court of Appeals in the Schiers case is in error, but this court concludes, under the authority of the Schiers case, supra, that the petitioner has not exhausted his available state remedies as required by Title 28 U.S.C. § 2254. Point (c) urged by petitioner as grounds for the Writ of Habeas Corpus herein would appear also to be governed by the opinion in the Schiers case in that the petitioner's right to communicate with the court re his appeal is closely related to point (a) as to which state remedies have not been exhausted.

For the reasons set forth hereinabove, the petition of WESLEY ROBERT WELLS for Writ of Habeas Corpus herein is denied.