400 P.2d 584

**STATE of Arizona, Appellee,**

v.

**Larry Ray SCHUMACHER, Appellant.**

**No. 1430.**

Supreme Court of Arizona.

En Banc.

April 1, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Stirley Newell, former Asst. Atty. Gen., for appellee.

A. E. Later, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Larry Ray Schumacher, after a two-day trial in the Superior Court of Maricopa County, was convicted of the crime of robbery and he appeals. His single contention is that he was deprived of his constitutional right under the Sixth Amendment to the Constitution of the United States in that he was not represented by counsel in the Justice Court of Mesa Precinct prior to being held to answer on the complaint of robbery.

These facts only have been submitted to this Court in support of appellant's contention. He was arrested and brought before the Justice of the Peace of the Mesa Precinct on April 5, 1963; at that time a

preliminary examination was set for April 9th; on April 8th, for reasons which are not reflected in the record, appellant appeared in the justice court and waived the preliminary examination; on May 8, 1963, appellant was arraigned in the Superior Court of Maricopa County at which time, pursuant to Rule 163, Rules of Criminal Procedure, 17 A.R.S., counsel was appointed on his behalf. It was at this stage for the first time appellant was represented by counsel.

By Rule 16, Rules of Criminal Procedure, it is the duty of a magistrate when a defendant is brought before him after an arrest to inform the defendant of the charge against him, of his right to the aid of counsel during the preliminary examination and of his right to waive such examination. By Rule 17, Rules of Criminal Procedure, a defendant may waive the preliminary examination and, if he does, he shall be held to answer for the offense charged. By Rule 18, Rules of Criminal Procedure, the magistrate shall allow a defendant a reasonable time to send for counsel and, if necessary, postpone the examination for that purpose.

■■ We have said that a preliminary examination is not a trial but that it is simply a course of procedure whereby a possible abuse of power may be prevented. The steps prescribed by the Rules of Criminal Procedure, 17 A.R.S., are designed to protect the rights of an accused person and insure the just and speedy hearing of criminal actions brought before a magistrate. State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077.

■ In United States ex rel. Cooper v. Reincke, 2 Cir., 333 F.2d 608, in reviewing recent opinions of the Supreme Court of the United States, see White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, it was concluded, as we conclude here, that there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings and that the critical point is to be determined from the nature of the proceedings and what actually occurs in each case.

Generally, the failure to assign counsel prior to preliminary examination, unless a defendant's position has been prejudiced thereby, is not considered a denial of the Sixth Amendment rights. French v. Cox, 74 N.M. 593, 396 P.2d 423; State v. Cox, 193 Kan. 571, 396 P.2d 326; Application of Hoff, Nev., 393 P.2d 619. Cf. Wells v. State of California, D.C., 234 F.Supp. 467.

■ The reasoning of the Federal Circuit Court in Reincke, supra, is dispositive of appellant's position here:

"Appellant also points out that he waived his opportunity to require the State to show probable cause and to

examine any witnesses offered. This is to suggest perhaps that appellant would have had a running start in his trial preparation because a lawyer *might* have chosen not to waive the hearing and thereby *might* have been better prepared at trial. This reasoning, however, overlooks the fact that the right reserved to appellant at the hearing was merely not to be held in custody without probable cause. Consequently, the possible denial of that right is the only thing of which he can now complain. Whatever collateral benefit that might have accrued, just as the prejudice he may have suffered, is altogether conjectural and certainly cannot amount to the deprivation of a constitutional right." United States ex rel. Cooper v. Reincke, 333 F.2d 608, 613. (Emphasis in original.)

In Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, the Supreme Court of the United States reaffirmed this language from Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448:

> "[S]tate refusal of a request to engage counsel violates due process not only if the accused is deprived of counsel at trial on the merits, * * * *but also if he is deprived of counsel for any part of the pretrial proceedings,* provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.' * * * The latter determination necessarily depends upon all the circumstances of the case." 357 U.S., at 439–440, 78 S.Ct., at 1292. (Emphasis added.)

■ The waiver of the preliminary examination by a defendant is in effect a concession that there is evidence sufficient to find probable cause to hold him to answer for the offense charged. See also State v. Peats, 97 Ariz. 133, 397 P.2d 631, where we passed on the question here presented without comment in concluding there was no denial of constitutional rights; and see State v. Graninger, 96 Ariz. 172, 393 P.2d 266.

Judgment affirmed.

LOCKWOOD, C. J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.