400 P.2d 851

**STATE of Arizona, Appellee,**

v.

**Wayne M. HERNDON, Appellant.**

**I CA–CR 8.**

Court of Appeals of Arizona.

April 13, 1965.

Denzil G. Tyler, Winslow, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

STEVENS, Chief Judge.

The defendant appeals from a judgment of guilt and a sentence in relation to each of two counts of an information. Count one of the information charges the offense of escape, a felony, under Sec. 13–393 A.R.S. and count two thereof charges an assault with a deadly weapon, under Sec. 13–249 A.R.S. This count also charges a felony. The maximum sentence in connection with count one is five (5) years and the maximum sentence in connection with count two is ten (10) years. The information charges that both offenses occurred on November 10, 1964. A complaint was filed before the appropriate Justice of the Peace and the defendant appeared before the Justice of the Peace executing a writing wherein he acknowledged that he was fully advised as to the two charges and of his right to a preliminary hearing together with his right to employ counsel. By the same writing he waived preliminary hearing and his right to counsel at the preliminary hearing. He was thereupon bound over to the Superior Court and the information was filed. A defendant has a right to waive a preliminary hearing. Section 30 of Article 2 of the Arizona Constitution, A.R.S. State of Arizona v. Schumacher, 97 Ariz. 354, 400 P.2d 584, decided by the Arizona Supreme Court on April 1, 1965. On November 25, 1964

he was arraigned in the Superior Court on the information. The minutes of the arraignment are full and complete. They adequately recited all of the safeguards for a defendant including his right to counsel and his right to the appointment of counsel in the event of indigency. The trial judge advised the defendant that if it was the defendant's desire, the matter would be remanded for a preliminary hearing and counsel would be appointed to represent him. The record reflects that the defendant stated that he did not want counsel and desired that the matter be heard at that time. The defendant entered a plea of guilty to each count and the consequences of his pleas were explained to him. The defendant then waived time for sentence. Thereupon the court adjudged the defendant guilty of the offense set forth in count one and guilty of the offense set forth in count two. No legal cause appearing why sentence should not then be pronounced, the defendant was sentenced to serve not less than four and one-half (4½) years and not more than five (5) years in the Arizona State Penitentiary in connection with count one, the sentence to commence after his release by the federal authorities. He was sentenced to serve not less than four and one-half (4½) and not more than five (5) years in the State Penitentiary in connection with count two, both sentences to be concurrent. Thereafter the formal written judgment and sentence was duly executed and filed. The minute entry recites a sentence of not less than four and one-half (4½) years and not more than five (5) years in connection with count two. The formal written judgment specifies a sentence of not less than four (4) years and not more than five (5) years in connection with count two. The formal written judgment controls.

The defendant then filed his own notice of appeal and an affidavit of inability to pay for the record. The Clerk of the Superior Court transmitted the records to this Court and they were filed. Notice was then given to the defendant by the Clerk of this Court as to the due date of the defendant's opening brief. Thereafter an attorney wrote to this Court advising that he was unable to handle the appeal for the defendant and the Court entered an order extending the time for the filing of the opening brief. In due time the matter was called to the attention of the trial court and Mr. Tyler was appointed to represent the defendant. After an examination of the record Mr. Tyler submitted the case for examination for fundamental error and The Attorney General advised that his office would not file a brief.

The Court has examined the record and finds no error.

The judgments of guilt and the sentences are affirmed as set forth in the formal written judgment.

CAMERON and DONOFRIO, JJ., concur.