434 P.2d 640

The STATE of Arizona, Appellee,

v.

Oscar William FORTESON, Jr., Appellant.

No. 1749.

Supreme Court of Arizona,
In Banc.

Dec. 6, 1967.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Leon Thikoll, Tucson, for appellant.

BERNSTEIN, Chief Justice.

The defendant in this case was tried before a jury and convicted on a charge of robbery. He was represented by counsel during trial, however he was not so represented at the time of preliminary examination.

During the course of the trial the defendant injected into the case the question of whether his purported confession, State's Exhibit 8, had been voluntarily given. In presenting its rebuttal evidence the state called Mr. Buller, the county attorney who had represented the state in the preliminary examination, and from the transcript the following appears:

"Q. As part of your duties in that capacity were you called upon to handle and represent the State at a preliminary hearing before Justice of the Peace Clark Johnson in the case of State of Arizona versus Oscar William Forteson, Jr.?

"A Yes.

"Q Did you so appear for the State at such a preliminary hearing?

"A Yes.

"Q Do you know the date of that preliminary hearing?

"A I can tell by my writing, February 28, 1964.

"Q When you say you can tell by your writing, what are you referring to?

"A It is a copy of the case file that I used in this case * * *"

\* \* \* \* \* \*

"Q If at a preliminary hearing a Defendant makes any statement, any particular statement concerning the charges against him or the happening of the events, is there a procedure in the County Attorney's Office for making a notation of that on the file cover?

"A Yes.

"Q Did you make such a notation at this preliminary hearing?

"A Yes.

"Q The Defendant has testified in this case that you were the County Attorney at his hearing and that he made certain statements?

"A Yes.

"Q Did you have occasion to show the Defendant State's Exhibit 8 at the preliminary hearing?

"A Yes.

"MR. THIKOLL: I would like to ask a few questions on voir dire concerning the admissibility of matters taken place at the preliminary hearing and whether the Defendant was properly advised of his rights.

"THE COURT: You may.

"MR. THIKOLL: Mr. Buller, at what stage of the proceedings was the Defendant shown this statement?

"A This was after we had put on our case and Judge Johnson informed the Defendant of the rights to testify or not to testify, to testify under oath or not under oath; that he didn't have to do so.

"MR. THIKOLL: Did you hear Judge Johnson tell the Defendant that if he did testify or if he did say a single word in that preliminary hearing that anything he said could later be used as evidence against him in a trial in the Superior Court?

"A I think so but I can't honestly say.

"MR. THIKOLL: Will you please try to the best of your recollection recall whether Judge Johnson so instructed the Defendant?

"A The only thing I specifically remember Judge Johnson telling the Defendant was that he had a right to testify under oath or not under oath; that if he did testify he could be cross examined by myself, and I believe I told him he did not have to testify. I don't remember whether or not he made the statement you are referring to

"MR. THIKOLL: Did he make—

"A Excuse me. What he told the Defendant was what the Arizona Revised Statutes, Criminal Rules of Procedure require the judge to inform the Defendant. Whether he told him anything else, I don't remember.

"MR. THIKOLL: Did he tell the Defendant there would be no difference whatever between a statement made under oath and a statement not made under oath for the purpose of later using that statement against the Defendant in a subsequent trial for the man's trial in Superior Court?

"A I don't recall whether he did or not.

"MR. THIKOLL: Did the man have an attorney at the preliminary hearing?

"A No.

"MR. THIKOLL: Prior to the preliminary hearing commencing was the man told he had a right to have an attorney present?

"A No. I can't tell you that because that is done at the original arraignment when the Defendant is informed that he has a right to—have an attorney.

"MR. THIKOLL: Were you there?

"A No, not that I recall.

"MR. THIKOLL: You don't know if the Defendant was informed of his right to have an attorney?

"A At that time, no, I don't know.

"MR. THIKOLL: I will object to any further testimony concerning the events at the preliminary hearing for this Defendant on the grounds he wasn't first of all sufficiently apprised of his rights, and secondly, he did not have the preliminary hearing under our new cases for failure to have counsel present.

"THE COURT: The objection is denied.

"Q (By Mr. Green) Mr. Buller, you say you showed the statement I believe that is State's Exhibit 8 to the Defendant at the preliminary hearing?

"A Yes.

"Q Did the Defendant look it over?

"A He appeared to look it over yes, I handed it to him.

"Q Did you have a conversation with him at that time regarding his signature on the statement, or signatures?

"A I remember taking this statement and drawing his attention to this large writing in ink across the middle of the first page and similarly across the main paragraph on the second page and then to this signature on the right-hand side in the middle of the second page of this exhibit and I asked him if this was his writing or looked like his handwriting.

"Q Did you make a note at that time of his exact words?

"A Yes, I did. I wrote it down.

"Q What was his answer?

"A He stated that this writing looked like his.

"Q Did he in any way say at that time that he did not make a statement or he never made a statement admitting the crime, or anything to that effect?

"A As I recall him he originally testified, he denied having given a statement to the police and told us after that, that I showed him this exhibit.

"Q Then did he deny that at all?

"A The only thing I asked him on this was this: 'Does this writing, is this writing yours, or does it look like yours?' And he said it looks like it is his writing."

On appeal from judgment and denial of his motion for new trial the defendant contends that since he was not represented by counsel at the preliminary examination, and since there is no showing that he was apprised of his right to counsel or that he made an intelligent waiver of counsel, his statements at preliminary examination should not have been admitted in evidence at the trial.

The United States Supreme Court, following the rationable of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, held in White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 that where an accused enters a plea at a preliminary hearing it is a critical stage of the criminal proceeding and counsel must be there to advise him.

Again, in Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 the Supreme Court held that it was a denial of the Sixth Amendment right to confront and to cross-examine witnesses' testimony at a preliminary hearing where the defendant had not been represented by counsel at the preliminary.

In State v. Schumacher, 97 Ariz. 354, 400 P.2d 584 we held that "there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings and that *the critical point is to be determined from the nature of the proceedings and what actually occurs in each case.*" 97 Ariz. 356, 400 P.2d 585. (Emphasis added.)

In State v. Burrell and Favors, 102 Ariz. 136, 426 P.2d 633 we further noted that the failure to assign counsel prior to preliminary examination is not violative of the United States Constitution Sixth Amendment rights "unless a defendant's position has been prejudiced thereby."

In the instant case one of the major issues before the jury was whether a confession, State's Exhibit 8, had been voluntarily or involuntarily given. Clearly, the questions asked by the county attorney at the preliminary examination illicited critical statements from the defendant at a time when he was not represented by counsel.

Under the rationale of Hamilton, White, Pointer, Schumacher, and Burrell and Favors we find that the admission of Mr. Buller's testimony regarding statements made by the defendant at the preliminary hearing when he was not represented by counsel were highly prejudicial on the question of voluntariness of the purported confession.

In light of the fact that a reversal and new trial is necessary it is not deemed essential to discuss other questions raised by the defendant regarding the rules for admissibility of confessions as they existed

at the time of the original trial. The trial court on new trial will find its guidelines, in this particular, in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Judgment reversed and new trial ordered.

McFARLAND, V. C. J., and STRUCK-MEYER, UDALL, and LOCKWOOD, JJ., concur.