475 P.2d 932

**STATE of Arizona, Appellee,**

v.

**Vic Gregory RILEY, Appellant.**

**No. 2086.**

Supreme Court of Arizona,
In Banc.

Oct. 28, 1970.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

McFARLAND, Justice.

Appellant, Vic Gregory Riley, (hereinafter referred to as defendant) was convicted of violation of A.R.S. § 13–641, robbery, and sentenced to serve not less than five nor more than six years in the Arizona State Penitentiary. From his conviction and sentence he appeals.

On January 2, 1969, three men entered the building of the Community Finance Company located at 3950 East Speedway, Tucson, Arizona. One of the three (hereinafter referred to as applicant) asked to apply for a loan and was directed to a booth to fill out an application. He then asked to use the restroom and upon his return produced a pistol and ordered the manager of the finance company, George Martinez, to fill a paper bag with money. Martinez complied and the applicant spoke to the other two men, telling them to take the manager and the two other employees, Joan Holdbrook and Tillie Martinez to the restroom in the back of the office.

The employees were taken back and Joan Holdbrook testified that the two men followed them back part of the way. She also identified the defendant as one of the men who escorted them to the back of the building. The two other employees identified the defendant as being one of the three men who entered the building but could not state if he escorted them to the rear of the building.

A preliminary hearing was held on April 9, 1969, for the defendant at which time Joan Holdbrook was the only witness. No counsel was appointed for the defendant at the preliminary hearing and he was bound over for trial. Defendant made a motion for severance which was granted and he went to trial on June 19, 1969, and was found guilty.

Defendant first contends that the proof offered by the state was insufficient to

establish that he aided and abetted in the commission of the crime. He cites the case of State v. Bearden, 99 Ariz. 1, 405 P.2d 885, in his opening brief and argues that under the rule announced in that case the proof is insufficient to sustain the guilty verdict. With this reading of the case we cannot agree. This court stated in Bearden, supra, that:

"We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P. 2d 349, 351."

The holding in the above supports the proposition that there was sufficient evidence to support a guilty verdict in the instant case. There was no conflicting testimony here as to the defendant's presence at the scene of the crime with the two other men who robbed the finance company office but only a conflict among the witnesses as to the degree of the defendant's involvement.

We have held that in reviewing the sufficiency of evidence the court must view the evidence in a light most favorable to the state and resolve all reasonable inferences against the defendant. State v. Davis, 104 Ariz. 142, 449 P.2d 607. We therefore hold that the proof introduced was sufficient to support a guilty verdict against this defendant.

The defendant next contends that he was denied due process of law in that counsel was not appointed to represent him at the preliminary hearing.

In State v. Schumacher, 97 Ariz. 354, 400 P.2d 584, we passed upon the question of whether the failure to assign counsel at a preliminary hearing was a violation of Sixth Amendment rights. In passing upon the question of whether a defendant is entitled to representation of counsel at preliminary hearing we held:

"In United States ex rel. Cooper v. Reincke, 2 Cir., 333 F.2d 608, in reviewing recent opinions of the Supreme Court of the United States, see White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, it was concluded, as we conclude here, that there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings and that the critical point is to be determined from the nature of the proceedings and what actually occurs in each case.

"Generally, the failure to assign counsel prior to preliminary examination, unless a defendant's position has been prejudiced thereby, is not considered a denial of the Sixth Amendment rights. French

v. Cox, 74 N.M. 593, 396 P.2d 423; State v. Cox, 193 Kan. 571, 396 P.2d 326; Application of Hoff, 80 Nev. 360, 393 P.2d 619. Cf. Wells v. State of California, D.C., 234 F.Supp. 467."

In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, decided June 22, 1970, in passing upon the right of counsel at a preliminary hearing the Supreme Court said:

"This Court has held that a person accused of crime 'requires the guiding hand of counsel at every step in the proceedings against him,' Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, [170], [84 A.L.R. 527] (1932), and that that constitutional principle is not limited to the presence of counsel at trial.

\* \* \* \* \* \*

"\* \* \* Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case, that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

"The inability of the indigent accused on his own to realize these advantages of a lawyer's assistance compels the conclusion that the Alabama preliminary hear-ing is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid [of counsel] \* \* \* as at the trial itself'. Powell v. Alabama, supra, 287 U.S. at 57, 53 S.Ct. at 60 [77 L.Ed. at 164, 84 A.L.R. 527].

"There remains, then, the question of the relief to which petitioners are entitled. The trial transcript indicates that the prohibition against use by the State at trial of anything that occurred at the preliminary hearing was scrupulously observed. Cf. White v. Maryland, supra. But on the record it cannot be said whether or not petitioners were otherwise prejudiced by the absence of counsel at the preliminary hearing. That inquiry in the first instance should more properly be made by the Alabama courts. \* \* \*

"We accordingly vacate the petitioners' convictions and remand the case to the Alabama courts for such proceedings not inconsistent with this opinion as they may deem appropriate to determine whether such denial of counsel was harmless error, see Gilbert v. California, supra, 388 U.S. [263] at 272, 87 S.Ct. [1951] at 1956, [18 L.Ed.2d [1178] at 1186], and therefore whether the convictions should be reinstated or a new trial ordered."

■ · In Schumacher, supra, this court placed the duty upon the defendant to show that his rights had been prejudiced by not having counsel at the preliminary hearing. While in Coleman, supra, the court placed the duty upon the State to show that the defendant's rights had not been prejudiced by not having counsel at preliminary hearing. This is a procedural question and it is plain that in the future all defendants in this state should be represented by counsel or intelligently waive their rights to counsel.

■ The instant case was tried on the 19th day of June, 1969, which was a year before the decision in the Coleman case. We are therefore confronted with the question of what effect it has on defendant's rights and whether it is retroactive. The record shows that the defendant was ar-

raigned in the Justice Court and that the complaint was read in full; that he was advised of his right to counsel. The record does not show whether he requested the appointment of counsel at that time or at any other time before his arraignment in the Superior Court. He called two witnesses at the trial, both of whom refused to answer questions upon the ground that it might incriminate them. The defendant presented no other evidence.

The Supreme Court in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882, in passing upon the question as to whether the decision in Miranda was retroactive said:

"At the same time, retroactive application of Escobedo and Miranda would seriously disrupt the administration of our criminal laws. It would require the retrial or release of numerous prisoners found guilty by trustworthy evidence in conformity with previously announced constitutional standards. Prior to Escobedo and Miranda, few States were under any enforced compulsion on account of local law to grant requests for the assistance of counsel or to advise accused persons of their privilege against self-incrimination. Compare Crooker v. State of California, 357 U.S. [433], at 448, n. 4, 78 S.Ct. [1287] 1296 [2 L.Ed.2d 1448] (dissenting opinion). By comparison, Mapp v. Ohio, [367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081] supra, was already the law in a majority of the States at the time it was rendered, and only six States were immediately affected by Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, [14 L.Ed.2d 106] (1965). See Tehan v. United States ex rel. Shott, 382 U.S., [406] at 418, 86 S.Ct. [459], at 466 [15 L.Ed.2d 453].

"In the light of these various considerations, we conclude that Escobedo and Miranda, like Mapp v. Ohio, supra, and Griffin v. California, supra, should not be applied retroactively. The question remains whether Escobedo and Miranda shall affect cases still on direct appeal when they were decided or whether their application shall commence with trials begun after the decisions were announced. Our holdings in Linkletter [v. Walker], [381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601] and Tehan were necessarily limited to convictions which had become final by the time Mapp and Griffin were rendered. Decisions prior to Linkletter and Tehan had already established without discussion that Mapp and Griffin applied to cases still on direct appeal at the time they were announced. See 380 U.S., at 622 and n. 4, 85 S.Ct., at 1237; 382 U.S., at 409, n. 3, 86 S.Ct., at 461. On the other hand, apart from the application of the holdings in Escobedo and Miranda to the parties before the Court in those cases, the possibility of applying the decisions only prospectively is yet an open issue.

"All of the reasons set forth above for making Escobedo and Miranda nonretroactive suggest that these decisions should apply only to trials begun after the decisions were announced."

In the instant case to hold that the procedure set forth in Coleman, supra, was retroactive would even more seriously disrupt the administration of our criminal laws for it would require a determination as to whether the rights of a defendant were prejudiced in some cases years after the trial and when such evidence was not available.

The defendant, under the previous holding of this court in Schumacher, supra, could have raised the question as to whether his rights were prejudiced at or before trial, which was not done by the defendant in the instant case.

■ Counsel for the defendant cross-examined each of the state's witnesses at his trial, including Joan Holdbrook, the only witness testifying at the preliminary hearing. The cross-examination does not reveal that the defendant was prejudiced by not having counsel at the preliminary hearing to cross-examine witnesses. The

same is true in regard to the defendant's right to call the other state's witnesses to testify at the preliminary hearing, nor would the two witnesses called at the trial by defendant who claimed their right to remain silent have been of any benefit to him at the preliminary hearing.

The defendant in support of his argument that he was denied due process contends that Maricopa County provides attorneys for indigents at a preliminary hearing and that the failure of Pima County to provide attorneys for indigents at preliminary hearing is a denial of equal protection of the law. This is included in the question as to whether defendant's rights were prejudiced by not having an attorney at the preliminary hearing. We hold defendant's rights were not prejudiced by not having counsel at the preliminary hearing. State v. Schumacher, supra. We also hold Coleman v. Alabama, supra, is not retroactive as to cases tried before the date of the decision.

Defendant's final argument is that the trial court committed reversible error in failing to give defendant's instruction No. 3. The requested instruction dealt with the defendant's silence at the time the crime was committed and the inferences that could be drawn therefrom. Defendant admits that the question of fact as to whether the defendant was an aider or abettor was covered by defendant's requested instruction No. 2 which was given. This court has held in State v. Michael, 103 Ariz. 46, 51, 436 P.2d 595, 600, that "Where requested instructions are adequately covered by other instructions of the court * * * it is not error to refuse them."

In the instant case we feel that the matters dealt with in the refused instruction No. 3 were adequately covered by the instructions given and hence no error resulted from the refusal to give it.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, and HAYS, JJ., concur.