476 P.2d 852

**STATE of Arizona, Appellee,**

v.

**William Auston BRILEY, Appellant.**

No. 2036.

Supreme Court of Arizona, In Banc.

Nov. 25, 1970.

Clay G. Diamos, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

UDALL, Justice:

The defendant, William A. Briley, was found guilty by a jury in Pima County, Arizona, of the crime of robbery while armed with a gun. Defendant was sentenced to serve a term of not less than twenty nor more than twenty-five years in the State Prison at Florence. From the conviction and sentence the defendant has appealed.

The crime was alleged to have been committed in November, 1968, at the Southern Pacific Railroad yards in Tucson. The defendant and Carl O. Swafford were charged with robbing one Ray Owens. After being charged with the crime, defendant and Swafford were tried separately.

The prosecution sought to establish at defendant's trial that the defendant assaulted the victim with a gun and that he ordered Swafford to search the victim thoroughly and take anything of value which could be found on the person of the victim.

On appeal the defendant raises two questions. The first is whether the defendant was denied equal protection of the law and his constitutional right to counsel, in that defendant was not represented by counsel at his preliminary hearing. The second issue is whether the

court erred in restricting cross-examination of Carl O. Swafford with respect to his testimony at his own prior trial. We treat these issues in the order raised by defendant.

It is the first contention of the defendant that he was denied due process and equal protection of the law under the 14th Amendment of the United States Constitution, in that, being indigent and unable to retain counsel, he was denied counsel at his preliminary hearing. It is conceded by the defendant that in previous Arizona decisions, lack of counsel at a preliminary hearing was held not to be a denial of due process, absent a showing that such lack prejudiced the defendant. State v. Smith, 99 Ariz. 106, 407 P.2d 74 [1965].

The defendant disagrees with the rule of law heretofore enunciated in State v. Smith, supra. Moreover he contends the Arizona Legislature has now seen fit to provide for an optional public defender system in counties of 100,000 in population. A.R.S. § 11–581 et seq. He further points out that Maricopa County now has a public defender system which provides an attorney for every indigent defendant at a preliminary hearing, and that all of the Superior courts in Arizona are deemed to be one court of general jurisdiction with exclusive jurisdiction to try felonies, Arizona Constitution, Art. 6, § 6, A.R.S.

The defendant thus contends that since Maricopa County provides attorneys at preliminary hearings for indigents and since Pima County is in the same class of counties as Maricopa County, the defendant in this case, accused of crime in Pima County, is entitled to the same protection of the law as would have been true had the alleged crime been committed in Maricopa County. The defendant presents no specific allegations of actual prejudice. He contends that it is not necessary to show that the defendant had been prejudiced by reason of not having an attorney at the preliminary hearing.

In further support of his position, defendant cites the case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed. 2d 387 (1970), which held that the defendant was entitled to the assistance of counsel at the preliminary hearing, since it was a critical stage of the state's criminal process.

It is the contention of the state that, since the trial of this case was concluded in February of 1968, and that the Coleman v. Alabama case was decided on June 22, 1970, the holding in the Coleman opinion should be given prospective application only.

In our recent decision in State v. Riley, 106 Ariz. 318, 475 P.2d 932, decided October 28, 1970, the identical questions were raised, including the question of equal protection. We held in *Riley*, supra, that the defendant's rights were not prejudiced by not having an attorney at the preliminary hearing in Pima County. State v. Schumacher, 97 Ariz. 354, 400 P.2d 584 (1965). We further held that Coleman v. Alabama, supra, should not be applied retroactively to cases tried before the date of the decision. Our holding in *Riley*, supra, together with the authorities cited therein fully disposes of the first issue raised by defendant, i. e., that he was denied due process and equal protection in not being represented by counsel at his preliminary hearing.

The second question raised by the defendant is that the court erred in restricting the cross-examination of Carl O. Swafford, in that defendant was improperly denied the right to cross-examine the witness by inquiring into his motive and bias in testifying against defendant.

We must agree with the defendant that the trial court erred in not permitting such an examination into the witness' motives and bias. The record shows that during the course of the trial, Carl Swafford, the defendant's accomplice, was called to testify for the state. He testified in substance that the defendant ordered him, under threat of a

gun, to rob the victim. The record also indicates, through discussions outside the presence of the jury, that Swafford had been tried and acquitted two weeks earlier of the robbery.

Defense counsel attempted to impeach the credibility of the witness by showing that he, as an accomplice, was motivated to testify against the defendant. Defendant urges that he should have been allowed freedom in his cross-examination to bring out that Swafford had testified similarly in his own trial where his own liberty was at stake and that in order to avoid perjury he was motivated to testify similarly at Briley's trial. In short, defense wished to show that Swafford had a motive for "attempting to place the blame on Briley."

This court has long held that a defendant in a criminal prosecution has a right to cross-examine witnesses in order to show possible bias and motivation. This right is particularly important in the cross-examination of an accomplice. State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960); State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960); State v. Aldrich, 75 Ariz. 53, 251 P.2d 653 (1952). See also 3 Wigmore on Evidence § 967, (3rd Ed. 1940).

In the instant case the trial judge ruled that defense counsel could not inquire into any matters pertaining to the witness' trial on the same charge. Such a ruling effectively cut off the right to cross-examine as to possible motive and constituted reversible error. State v. Holden, supra; State v. Little, supra.

It was contended at the trial that the proffered cross-examination was improper because it referred to prior bad acts of the witness which did not result in conviction. We believe that this contention was appropriately dealt with by this court in State v. Little, supra, wherein we stated as follows:

"Evidence offered to impeach the credibility of a witness by showing that he has a motive to testify on behalf of the State or against the defendant is generally admissible as proper cross-examination whether such evidence also tends to prove that the witness has committed acts in violation of the law. * * *" State v. Little, supra, 87 Ariz. at 300, 350 P.2d at 759.

See also State v. Holden, supra, 88 Ariz. at 56, 352 P.2d at 714–715.

Moreover the state has in its brief on appeal acknowledged the cross-examination was improperly restricted and that defense counsel "should have been permitted to show the jury the witness' relationship to the crime for the purpose of showing his possible bias and motive for testifying."

The judgment is reversed and the cause remanded for a new trial.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.