505 P.2d 245

**STATE of Arizona, Appellee,**

v.

**William Auston BRILEY, Appellant.**

No. 2036-2.

Supreme Court of Arizona,
In Banc.

Jan. 18, 1973.

Gary K. Nelson, Atty. Gen., Phoenix by Jerry Schmidt, former Asst. Atty. Gen., Tucson, for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellant.

HOLOHAN, Justice:

Defendant, William A. Briley, was found guilty of armed robbery in February of 1969. Upon appeal, this Court reversed and ordered a new trial, State v. Briley, 106 Ariz. 397, 476 P.2d 852 (1970). In March of 1971 the defendant was again found guilty by a jury of armed robbery. He was sentenced to serve not less than 8 nor more than 10 years. From this judgment of conviction and sentence he appeals.

The facts of the case were set forth in State v. Briley, *supra,* and the facts presented at the retrial were essentially the same as presented at the first trial. At the second trial, the court allowed the testimony of the victim, Ray Owens, from the first trial to be read into evidence over the objection of the defense.

In this appeal the defendant challenges as error the admission of the transcript from the prior trial into evidence and the admission of certain exhibits placed into evidence.

■ Ordinarily, the defendant must be given the opportunity to test the recollection and credibility of the witnesses against him in a face to face encounter before the jury. This Sixth Amendment right of confrontation in the Constitution is essential and fundamental, and has been made obligatory upon the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct 1065, 13 L. Ed.2d 923 (1965); Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). A.R.S. Arizona Constitution Art. 2, § 24, A.R.S. § 13–161. There is, though, a well cited and well reasoned exception to this rule. The defendant's rights of confrontation and cross-examination are not violated where the witness is presently unavailable, his testimony has been preserved in a prior judicial proceeding and defendant has had at least the opportunity to confront the witness and cross-examine him. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); State v. Lippi, 108 Ariz. 342, 498 P.2d 209 (1972); State v. Stuard, 104 Ariz. 305, 452 P.2d 98 (1969); State v. Head, 91 Ariz. 246, 371 P.2d 599 (1962).

■ In the recent case of Barber v. Page, *supra,* the U.S. Supreme Court held "a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." In *Barber,* it was held that no good faith efforts had been made. The witness in the cited case was in a federal penitentiary out of the state. His presence there was known but no attempt was made to have him brought before the trial court to testify. Mere ab-

sence, then, from the jurisdiction where the witness' address is known is no longer a sufficient showing to dispense with the right of confrontation. There must be a showing of a good faith effort to obtain the presence of the witness for the trial. But in the case at bar, the exact whereabouts of the witness was not known. It was apparent from Owens' testimony at the first trial that he was a hobo who never stayed long in one place. Testimony at a hearing on the motion to admit the transcript revealed what was undoubtedly a "good-faith" effort by the State to secure the presence of the witness at the trial. A check was made at least three times at his last known address in Tucson; attempts were made to find the witness in the Marana and Eloy areas; and a teletype message was sent to all law enforcement agencies in the state with a description of the witness with a request that he be located. These efforts produced no results.

The defendant contends the State had reason to believe that the witness was out of the state, somewhere in the state of Washington, and that the prosecution failed in its duty under *Barber* to inquire as to his whereabouts there. The fact that the witness might have been somewhere in the state of Washington does not mean that the prosecution must contact all law enforcement agencies in that state to locate the witness. In State v. Owens, 103 Ariz. 541, 447 P.2d 233 (1968), we recognized the problems of securing the presence of an "itinerant laborer" and held that under such circumstances, where there was evidence to show the witness had left the state, there was no requirement that subpoenas be issued and sent to the sheriffs of other states.

*Barber* does not require more than was done in this case. Essentially, *Barber* stands for the proposition that a showing of the imprisonment of a witness, even an institution out of the state, is not sufficient ground for dispensing with confrontation. The State is required to request delivery of the prisoner and receive a refusal before the prisoner-witness may be said to be una-

vailable. In *Barber* the State did not attempt to obtain the witness even though his exact whereabouts were known. Such is not the case in this instance. The whereabouts of the witness were unknown, and the efforts of the prosecution constituted a good-faith effort to obtain the presence of the witness for the trial.

The transcript from the former trial showed extensive direct and cross-examination of the witness in the presence of the defendant and jury providing an adequate basis for this Court to conclude that the testimony bore the necessary "indicia of reliability" to place it before the jury to be evaluated for its truth. Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L. Ed.2d 293 (1972); Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). The trial court was correct in ruling that the transcript of the former testimony was admissible.

Defendant next raises two questions concerning the lack of proper foundation for the admissibility of exhibits. These exhibits in the main consisted of those articles of personal property taken by the defendant from the victim at the time of the crime as well as pictures of the scene.

Initially, error is claimed in admitting these exhibits at the prior trial. Admission of several of the exhibits was without objection. Without proper objection the matter is not subject to review unless it constitutes fundamental error, and we find no such error. State v. Scott, 105 Ariz. 109, 460 P.2d 3 (1969); State v. Thorne, 104 Ariz. 392, 453 P.2d 963 (1969). As to the admission of those exhibits objected to, an examination of the record of the prior trial indicates that all exhibits were admitted properly.

Defendant also argues that admission of the exhibits at the second trial was improper. The contention is that there was an insufficient showing that the second trial's exhibits were the same ones which were referred to in Owens' testimony. Since the exhibits were not admitted into evidence at the second trial until after

Owens' testimony had been read into the record, and since the numbering of exhibits at the second trial was different than at the first, perhaps some confusion could have resulted. However, an examination of the record as a whole assures us that the objects testified about were the same ones presented in the second court proceeding; also, additional foundation and support for admission for the exhibits came from two of the officer witnesses.

The judgment and sentence are affirmed.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.